Hanna v. Rust.

---

## HANNA *vs.* RUST and others.

In an action of *trespass, assault and battery*, where the defendant justifies the assault on the ground that the plaintiff was making a noise and disturbance in his house, that he was requested to depart, and that on his refusal to do so the defendant laid hands on him *gently* to remove him—a replication that the plaintiff did not *wholly* refuse to depart, and that he remained no longer than was necessary to obtain his baggage, without excusing the noise *after the request,* is not a sufficient answer : besides, such replication is bad if it conclude to the *country ;* it should conclude with a *verification,* so as to give the defendant an opportunity to answer.

So a replication containing new matter, alleging that the defendant of his *own wrong,* and with *more force* and *violence* than was necessary, committed the trespasses, should conclude with a *verification.*

Where a plaintiff in such action, in his replication, varies the *place* of the committing of the trespasses from that alleged in the plea, he *must expressly allege that the trespasses as newly assigned are other and different trespasses from those mentioned in the plea,* or the replication will be adjudged bad.

DEMURRERS to replications. The plaintiff declared in trespass, assault and battery, against three defendants, viz. *Rust, Winton* and *Stewart.* The defendant *Rust* pleaded, 1, the general issue, and 2, specially, that long before and at the said time when, &c. he was possessed of a certain public house at Syracuse, and the plaintiff a little before the said time when, &c. entered and came into the house, and then and there made a great noise and disturbance therein, and behaved himself in a rude, quarrelsome and uncivil manner towards the defendant *Rust,* and towards the defendant *Winton,* who was the agent and servant of *Rust* in keeping the said public house, and towards divers persons then lawfully in the house, and thereby greatly disquieted *Rust,* his family, and guests, &c. whereupon he, *Rust,* then and there requested the plaintiff to cease from making such noise and disturbance, and to depart from and out of the

house, which the plaintiff wholly refused to do; whereupon *Rust*, in defence of the possession of his house, and for the purpose of preventing a continuance of the noise and disturbance, ordered and directed the defendant *Winton*, so being such servant and agent, gently to lay his hands upon the plaintiff in order to remove him from and out of the house, as he lawfully might for the cause aforesaid; whereupon *Winton* gently laid his hands upon the plaintiff in order to remove, and did remove him from and out of the house, as he lawfully might, &c.; which are the same trespasses, &c. without this, that *Rust* was guilty of the trespasses or any of them *elsewhere* than in the said house, &c. Verification.

The plaintiff, by leave of the court, put in *four replications* to this plea. *First*, not necessary to be noticed. *Second*. As to so much of the plea as alleges that *Rust* requested him to cease from making noise and disturbance, or to go and depart from and out of the house which the plaintiff wholly refused to do, the plaintiff says that at the time when, &c. he was a guest of *Rust* at his public house, and had been for two days previous, and his trunk and baggage was in the possession of *Rust*, as the keeper of the public house, and the plaintiff was necessarily indebted to *Rust* for his entertainment, whereupon he, the plaintiff, at the said time when, &c. immediately demanded of *Rust* his trunk and baggage, called for his bill, and offered to pay, and did pay the same, and made all possible and reasonable haste, to leave the house, and did not wholly refuse so to do in manner and form as *Rust* in his second plea has alleged, concluding to the *country*. *Third*. As to so much of the plea as alleges that *Rust*, in defence of the possession, &c. ordered *Winton* gently to lay his hands, &c. and that *Winton*, in pursuance of the order, did gently lay his hands upon the plaintiff and remove him, &c. the plaintiff says, that the defendant *Rust*, at the said time when, &c. *of his own wrong* committed the said several trespasses to a *greater degree* and with more force and violence than was necessary for the purposes in the plea mentioned, &c. Verification. *Fourth*. As to so much of the plea as alleges that the tres-

passes were committed in the said public house *only*, the plaintiff says that he commenced his suit for trespasses commenced and committed in the said public house, and continued from within the house to the bar-room door, and from the door on to the stoop, and from the stoop on to the side walk in the public street, and into the public street, and that the same was one continued trespass from the beginning to the ending, and is the same trespass mentioned in the declaration. Verification. The defendant put in special *demurrers* to each of the above replications.

The pleadings in relation to the defendant *Winton*, raised the same questions as on the second and fourth replications to the second plea of *Rust.*

*B. Davis Noxon*, for the defendants.

*J. A. Spencer*, for plaintiff.

*By the Court*, BRONSON, J. The issue tendered by the *second* replication is too narrow. The plaintiff attempts to excuse his continuance in the house after a request to depart, without giving any reason for the noise and disturbance which he continued to make in the house *after the request.* And again: the point of the issue, as the plaintiff presents it, is, that he did not *wholly* refuse to depart. That may be true, and yet there may have been such a refusal as would authorize the host or his servant to remove him.

Another objection to the replication is, that it sets up new matter, and then concludes to the *country.* If the allegations that the plaintiff was a guest in the house, that he demanded his trunk, and called for and paid his bill, are of any legal importance, the replication should have concluded with a *verification*, so as to give the defendant an opportunity to answer the new matter.

The general replication *de injuria* would probably have reached all the pleader had in mind when he drew the second replication.

2. The defendant takes two objections to the *third* replication : *first*, that it should have concluded to the country ;

and *second*, that the master is not liable for the excess of his servant. The answer to the first objection is, that the replication contains new matter, to wit, that the trespasses were committed to a greater degree and with more force and violence than was necessary for the purposes mentioned in the plea. This new matter the defendant should have an opportunity to answer, and therefore the replication was properly concluded with a verification.

As to the second objection, the allegation in the replication is, that the defendant Rust, of his own wrong, committed the said trespasses to a greater degree, &c. It does not raise the question whether Rust is answerable for the excess of his servant Winton. That question may arise on the trial, if Rust takes issue on the alleged excess. This replication is good.

3. The fourth replication, or new assignment, is bad. It departs from the precedents in not alleging that the trespass newly assigned is another and different trespass from those mentioned in the plea. Gould's Pl. 366, n. (14.) p. 457, § 76. 1 Saund. 299, n. (6). 1 Chit. Pl. 612. 2 id. 701, 705. By omitting to traverse the plea, the plaintiff admits that the supposed trespasses in the house are justified; and yet he newly assigns those with other trespasses, and thus calls on the defendant to answer again, a matter which had already been sufficiently answered. If in truth, as the plaintiff alleges, there was but one continued trespass from the beginning in the house to the ending in the street, the plaintiff has, perhaps, covered the whole ground by his third replication that the defendant committed the trespasses to a greater degree and with more force and violence than was necessary for the purposes mentioned in the plea. But however that may be, there is no doubt that the plaintiff might have new assigned as to time, *place*, or any other material circumstance. He might have alleged that he commenced his action for an assault and battery *in the street;* and then have concluded according to the precedents, that the trespasses newly assigned were other and different from those mentioned in the plea. The defendant would then have answered, either denying or justifying the

assault in the street. As the new assignment is drawn, it is difficult to say how the defendant can plead to it, if he has a good answer to offer ; but if the pleader had followed the precedents, there would have been no dificulty in answering.

The plaintiff is entitled to judgment on the demurrer to the *third* replication to the second plea of *Rust ;* and *Rust* is entitled to a judgment on the demurrers to the *second* and *fourth* replications to his second plea. The defendant *Winton* is entitled to judgment on the demurrers to the replications to his pleas.

Ordered accordingly.