Nov. Term, 1856.

Doyle
v.
Kiser.

Wednesday, December 17.

---

Doyle *v.* Kiser.

The reversal of a judgment carries costs in favor of the party obtaining it, back to the error of the court below upon which it is based.

In this case when formerly before this Court, the reversal extended back through the trial below, to the issue tried. *Held*, that the appellee should be taxed with the costs back to that point.

Tuesday,
January 6.
1857.

APPEAL from the *Miami* Circuit Court.

Perkins, J.—This cause was once before in the Supreme Court. The opinion then given in it, reversing the judgment and remanding the cause for further proceedings, is reported in 6 Ind. R. 242.

Nov. Term,
1856.

DOYLE
v.
KISER.

On the return of the cause to the Circuit Court, the defendant appeared by counsel and filed a paper reading thus:

"*John Kiser* v. *Samuel Doyle. Miami* Circuit Court. The defendant offers to allow judgment to be taken against him in the above case for ninety dollars and —— cents, together with reasonable costs necessarily made in and about the present term of Court to date. *Sept.* 11, 1855." Signed by counsel.

The plaintiff moved to set aside this offer as insufficient. The motion was sustained, and no exception taken.

The defendant then filed a second offer, as follows:

"*John Kiser* v. *Samuel Doyle.* The defendant offers to allow judgment to be taken against him in the above case for ninety dollars, together with all costs for which he is legally bound to date. *March* 12, 1856."

This offer was accepted by the plaintiff.

It was therefore considered by the Court that the plaintiff recover of the defendant said sum of 90 dollars so confessed as aforesaid, together with all costs made in this Court, and that said plaintiff pay the costs incident to taking the cause to the Supreme Court. Exception was taken.

The reversal of the cause when formerly before this Court, extended back through the trial in the Circuit Court to the issue tried; and the statute upon the subject of costs is that, "When the judgment is affirmed in whole, the appelle shall recover costs; and when the judgment is reversed in whole, the appellant shall recover costs in the Supreme Court and the court below, to the time of the first error for which the judgment is reversed, which shall be pointed out in the opinion of the Supreme Court. In all other cases costs shall be awarded as the court may deem right, following, as nearly as possible, the general regulation for awarding costs." 2 R. S. p. 161, s. 573.

We think, under this statute, the reversal carries costs in favor of the party obtaining it, to the point to which

Nov. Term,
1856.

the reversal is made. We think such was the practice under former statutes, (*Andrews* v. *Hammond*, 8 Blackf. 540,) and that it should be continued under the present. The plaintiff below should have been taxed with the costs incident to the trial through which the reversal extended.

*Per Curiam.*—The judgment as to the costs below is reversed, with instructions to render it in accordance with this opinion, and with costs incident to bringing the cause to this Court. The remainder of the judgment is affirmed with the costs in the Circuit Court.

*H. P. Biddle* and *B. W. Peters*, for the appellant.

*D. D. Pratt* and *D. M. Cox*, for the appellee.