Nov. Term,
1857.

CONNER *v.* WINTON.

The reversal of a judgment carries costs in favor of the appellant, back to the point of error upon which the reversal was made; and if it extend back to the issue of fact tried, the costs of the trial are carried by the reversal.

The application of this rule is for the Court below, and this Court cannot judge of the correctness of that application, unless the items taxed to each party are shown in the bill of exceptions.

APPEAL from the *Wabash* Circuit Court.

*Monday,
December* 21.

PERKINS, J.—Question upon the taxation of costs.

This case was reversed in the Supreme Court, and re-manded. In *Doyle* v. *Kiser* (1), this Court said that, "the reversal carries costs in favor of the party obtaining it, to the point to which the reversal is made." And that where the reversal extends back to the issue of fact tried, the costs of the trial are carried by the reversal.

Such is the rule. The practical application of it is, in the first instance, for the Court below, and this Court cannot judge of the correctness of that application, unless the items taxed to the parties respectively are shown in the bill of exceptions. In the case now before us, the bill of exceptions states that the Court "adjudged all costs against said plaintiff, which accrued previous to the point of error at which the Supreme Court reversed the case." The Court below seems to have been acting upon the correct rule. How they applied it to the respective items, in determin-ing which did, and which did not, accrue prior to that point, the record does not enable us to say; and we must presume in favor of the action of that Court.

*Per Curiam.*—The judgment is affirmed with costs.

*J. D. Conner* and *H. P. Biddle*, for the appellant.

(1) 8 Ind. R. 396. See *Andrews* v. *Hammond,* 8 Blackf. 540.