Nov. Term,
1860.                          PURDUE and Others *v.* NOFFSINGER.

PURDUE
v.              In pleading the performance of a condition precedent in a contract, it is
NOFFSINGER.    sufficient to allege generally, that the party performed all the conditions
                on his part to be performed; but where he intends to rely on an excuse
                for not performing, on the ground of the waiver or negligence of the other
                contracting party, or a refusal on his part to perform, the particular cir-
                cumstances constituting such excuse should be averred.

Wednesday,      APPEAL from the *Montgomery* Circuit Court.
December 19.     DAVISON, J.—The appellee was the plaintiff, and the appel-
lants the defendants. The complaint charges that the defend-
ants induced the plaintiff to enter into a written agreement,
in these words:

"*April* 4, 1857.

"We, whose names are hereunto subscribed, bind ourselves
to furnish '*J. P. Watson & Co.*,' the number of good, fat,
merchantable hogs, set opposite our names, *at any convenient*
place in the neighborhood, between the 20th of *November* and
the 25th of *December* next; no hog to weigh less than two
hundred pounds, gross, for which '*J. P. Watson & Co.*' bind
themselves to pay us $4 and 50 cents per hundred pounds,
gross; $1 per head paid at the date of contract, the balance
at the pen when weighed."

(Signed,) "*P. W. Noffsinger.*   25 hogs."

The defendants, when they executed the agreement, paid
him $25, that sum being $1 on the head. And the plaintiff
avers that he has performed all the stipulations in the agree-
ment, on his part to be performed; but that the defendants,
on their part, have failed in this, that they failed, between
said *November* 20, and *December* 25, to notify the plaintiff
where, according to the agreement, the hogs were to be
weighed, and wholly failed to receive the hogs, and pay the
the price agreed on. It is averred that said hogs, in the
aggregate, weighed seven thousand and fifty-five pounds, and
that after *December* 25, 1857, they were sold to another pur-
chaser at $3 per hundred pounds, gross. Plaintiff demands
judgment for $150. There was a demurrer sustained " to so
much of the complaint as alleges a failure on the part of the

defendants to perform their part of the contract." And thereupon the defendants answered by a general denial. Verdict for the plaintiff. Motion for a new trial denied, and judgment, &c. There is in the record an agreement of facts, which are, substantially, as follows: "Plaintiff, during the time specified in the contract, had, at his residence in *Montgomery* county, twenty-five good, merchantable, fat hogs, of the average weight of two hundred and seventy-eight pounds. He continued to hold them until *January* 1, 1858, when he sold them to one *Lafollette* for $3 per hundred pounds, gross. They were weighed in two drafts, on cattle scales, when their average weight was as above stated. They were not weighed singly; but the persons who weighed them, and other competent witnesses, gave it as their opinion, that no one of said hogs would weigh less than two hundred and twenty pounds, gross. Until after the sale to *Lafollette*, the hogs had not been off the premises of the plaintiff. Some time in *December*, 1857, a number of persons who had similar contracts with the defendants, met at a school house in the neighborhood, the plaintiff being one of the number, and appointed one *James Evans* to notify the defendants, '*J. P. Watson & Co.*,' that they were ready to deliver the hogs on the terms contracted. *Evans*, under his appointment, called on '*J. P. Watson & Co.*,' at their pork house in said county, on *December* 24, 1857, and informed them that he, *Evans*, was authorized by said contractors to notify them that the hogs were ready; when they distinctly told him, 'that they were not going to take the hogs,'" &c. At the proper time the defendants moved thus to instruct the jury: "The plaintiff avers that he has performed his part of the contract, and this is denied by the defendants. Before you can find for the plaintiff you must find that he has complied with his contract, and to do this, it is incumbent on him to show that, within the time specified in the contract, he had, at a convenient place in the neighborhood, the number of hogs of the kind and quality specified in the contract, and offered to deliver them to the defendants on receiving his pay therefor, as stipulated in the contract." The instruction thus proposed, the Court refused; but gave the same, modified as follows: "Unless the plaintiff

Nov. Term, 1860.

PURDUE
v.
NOFFSINGER.

Nov. Term, has shown that he was ready, on *December* 24, 1857, and so
1860.  informed the defendants, to deliver the hogs according to the
PURDUE  terms of the contract, and the defendants thereupon informed
v.  him that they did not intend to take them: in short, if the
NOFFSINGER. plaintiff was ready to perform the contract on his part, and so
informed the defendants, who thereupon refused to take the
hogs and comply with the contract on their part, such refusal
excused the plaintiff from weighing or setting apart the hogs
for the defendants." To the refusal to give the instruction in
the form proposed, as also to the giving of it as modified by
the Court, the defendants excepted.

It may be assumed that the instruction given is, in the
abstract, correct; but the inquiry arises, does it apply to the
case made by the complaint. As has been seen, that plead-
ing simply avers "that plaintiff has performed all the stipu-
lations on his part to be performed." Under the old system
of procedure, in pleading performance of a contract, the party
could not plead, generally, that he had performed, &c.; but
must show specially the time, place, and manner of perform-
ance. Steph. on Pl. 334. Thus, "Where a specific act was to
be done by the plaintiff, or a number of acts, by way of con-
dition precedent," he must show, in pleading, precisely what
he has done by way of performing them. *Glover* v. *Tuck*,
24 Wend. 152. But the code now in force contains this
provision: "In pleading the performance of a condition pre-
dent in a contract, it shall be sufficient to allege, generally,
that the party performed all the conditions on his part; if the
allegation be denied, the facts showing the performance must
be proved on the trial." 2 R. S., § 84, p. 45. Under this
rule of pleading, the complaint on its face was, obviously,
sufficient; but the performance alleged was denied; hence it
was incumbent on the plaintiff to prove "what he had done
by way of performing" the agreement on his part. And it
seems to follow that the proposed instruction should have
been given. But the evidence shows that the plaintiff, for a
recovery against the defendants, relied, not on a performance,
but on an excuse for not performing, predicated on the facts,
that the defendants had not designated the place in the
neighborhood at which the plaintiff should deliver the hogs,

and further, had refused to receive them at any place. These facts were, no doubt, sufficient to excuse the plaintiff from performance on his part; but it seems to us they were not available on the trial, because they are not alleged in the complaint. *Brown* v. *Colie*, 1 E. D. Smith's Rep. 265. The statute, as we have seen, allows the plaintiff to allege, generally, that he has performed his contract; so far it changes the common law rule of pleading; but where he intends to rely on an excuse for not performing, on the ground of the waiver or negligence of the defendants, or a refusal on their part to perform, the rule of common law is still in force, the particular circumstances, constituting such excuse, should be averred. 1 Chitty's Pl. 325; 1 Van Santvoord's Pl. 235, 236. This exposition seems to be correct; and when applied to the instruction given, at once shows it to be erroneous, because, though it may apply to the evidence, it is not pertinent to the case made by the pleadings.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*S. C. Wilson* and *J. E. McDonald*, for appellants.
*Lew. Wallace*, for appellee.