Leedy *v.* Clapp.

*A. J. Brown,* for the appellant.

*O. S. Hamilton,* for the appellee.

---

LEEDY *v.* CLAPP.

No ruling of interest in this case.

APPEAL from the *Huntington* Circuit Court

*Per Curiam.*—*Clapp* sued *Leedy* on the following obligation, to-wit:

"*August* 22, 1854.

"I hereby certify that I have a 300 dollar and 7 cent note on *Charles Street,* due *February* 1st, 1856, which note belongs to *John A. Clapp,* as soon as all back tax and claims are paid on the north-east quarter of section 31, in township 14, north of range 4 west, in the State of *Illinois.* If the title to said land is not made good I consider the note mine.

"ABRAHAM LEEDY."

"Witness: SETH SLYTER."

Leedy *v.* Clapp.

The complaint is in the usual form, averring, *inter alia*, that the plaintiff had performed all the conditions of said agreement on his part," &c.   It also averred that the defendant had received the money on the note.   A demurrer to the complaint was overruled; and of this the appellant complains. He insists that the agreement is for a title to land, and, therefore, does not admit of a general allegation of performance. We see no objection to the complaint.   *Purdue* v. *Noffsinger*, 15 Ind. 386; *Cromwell* v. *Welhern*, at this term.

The defendant answered :

1. The general denial.

2. And for further answer, and by way of counter-claim, the defendant admits the execution of the writing sued on, but says that before that time, viz : on the 4th day of *May*, 1853, said plaintiff sold and conveyed to the defendant the real estate in said writing described by deed of conveyance, with covenants, &c., a copy of which is filed, &c., and that said defendant paid the plaintiff for said land 100 dollars, leaving due to him 200 dollars, for which the writing sued upon was executed, with conditions, &c., and that the plaintiff did not comply with the conditions, did not pay the taxes, &c., and that the land was sold therefor, and the title conveyed by the tax collector to one *Stillman*, whereby defendant sustained loss and damage to the amount of 500 dollars.

The plaintiff replied:

1. In denial of the defendant's second paragraph, called a counter-claim.

2. That he had given the defendant 25 dollars to pay the taxes on the land, which he had agreed to apply and to accept said payment to him as performance of the condition of the agreement, &c., and that the sum was sufficient, &c.

Trial by the Court; judgment for the plaintiff.

There were other pleadings in the case, but they need not be noticed; nor was it necessary that any should have been

but the complaint and general denial thereof, because the evidence, which is of record, all related to and was admissible under the issue thus found.

There is nothing in the evidence impeaching the title of *Clapp* to the land, except the proof of the tax lien. The evidence shows that it existed when *Leedy* purchased the land, and that he had notice of it. The written instrument requires *Clapp* to pay those taxes, but it does not specify to whom. The evidence further shows that *Clapp* paid *Leedy* 10 dollars to be applied in payment of these taxes; that *Leedy* afterwards told him that it would require 15 dollars more, and that the 15 dollars were furnished. It would seem, nevertheless, that the taxes were not paid, and that the land was sold for their collection. Through whose negligence? Did this payment to *Leedy* discharge *Clapp?* What was the intention and understanding of both parties on the point? The evidence is somewhat conflicting as to this, and we can not disturb the judgment of the Court below. We do not think sufficient cause was shown for a new trial. The newly discovered evidence, simply cumulative, and of little force in itself, could not have changed the result.

The judgment is affirmed with 1 per cent. damages and costs.

*L. P. Milligan* and *D. O. Daily,* for the appellant.

*J. R. Coffroth,* for the appellee.