WINTON and Others *v.* CONNER.

*Opinion on Petition for Rehearing.*

REVERSAL—COSTS.—Where a cause is reversed in the Supreme Court for error occurring on the trial, as in the giving of instructions to the jury, the reversal extends back to the issue, and makes a new trial necessary, and hence, under the statute, (sec. 573, 2 G. &. H., 277,) the reversal carries the costs of the trial below.

APPEAL from the *Wabash* Circuit Court.

ELLIOTT, C. J.—This was a proceeding in the Circuit Court, by *Conner*, the appellee, against the appellants, for an injunction and the taxation of costs.

Our predecessors affirmed the judgment of the Circuit Court, saying: "This is a mere question of costs. The judgment below is affirmed."

The case is now presented to us, on a petition by the appellants for a rehearing, and we deem it proper, in answering the petition, to examine the questions involved.

The facts of the case, so far as they relate to the questions presented by the record, are these: *Conner* sued *Winton* for unskillfully doctoring a horse, and recovered nominal damages. *Conner* appealed the case to this court, where the judgment below was reversed, with costs, in consequence of an erroneous instruction given by the court to the jury, and the cause was remanded to the Circuit Court for further proceedings. 8 Ind., 315.

Upon the return of the case to the Circuit Court, *Conner* dismissed it, and moved the court "to tax the costs accrued in the case, up to the reversal of the cause by the Supreme Court, against said defendant," which motion the court overruled, and "adjudged all costs against said plaintiff which accrued previous to the point of error at which the Supreme Court reversed the case, and also such as accrued after remanding and docketing the same in this court," and further ordered that all costs that accrued subsequently to the first error should be taxed against *Winton*.

From these rulings *Conner* again appealed to this court, where the judgment below was affirmed. 10 Ind. 25.

Under these orders of the Circuit Court, the clerk taxed against *Conner* all the costs in the case up to and including all the costs of the trial, witness fees and the jury fee, except twelve cents for recording the verdict, and twenty cents for entering the judgment. The complaint in this case is filed by *Conner*, alleging that the clerk had issued a fee bill against him, for the costs so taxed, and placed the

same in the hands of the defendant, *Thomas*, the sheriff, commanding him to levy and collect the same of the property of said *Conner;* and that the said sheriff was about to seize upon his property to satisfy the said fee bill. The complaint prays an injunction against the sheriff, and for a proper taxation of the costs, the items of which, as contained in the fee bill, are made part of the complaint.

On the final hearing, the court below taxed all the costs of the original trial, including the witness fees and the clerk's costs for the subpœnas for the witnesses, and the sheriff's fees on said subpœnas, to *Winton.* The defendants below appeal.

The appellants insist that the record shows that the case is *res adjudicata;* that the questions involved were fully adjudicated by the circuit court at the time of the rendition of the judgment upon the dismissal of the case by *Conner*, and in the affirmance of said judgment by this court. We do not think the position is sustained by the record. It does not appear that the items of costs were then before the court for taxation. The court was only asked to render a proper judgment for costs, or, in other words, to settle, in the final judgment, the proper *rule* for their taxation, which the court seems to have done, as the language of the order was construed by this court in affirming it.

The court below, in the proceeding before us, did not set aside, or assume to set aside, the order directing how, and to whom, the costs should be taxed; but only assumed to properly tax them under the order; and if that is the legal effect of the action of the court, then certainly the case is not *res adjudicata.*

The order of the court is, substantially, in the language of the statute, and subject to the same construction. In fact, the whole question involved here, depends upon the construction to be given to the statute. Section 573, of the code, 2 G. & H., p. 277, reads thus: "When the judgment is affirmed in whole, the appellee shall recover costs; and

when the judgment is reversed in whole, the appellant shall recover costs, in the supreme court and the court below, to the time of the first error, for which the judgment is reversed, which shall be pointed out in the opinion of the supreme court," &c.   Now, what construction is to be given to the words "*to the time of the first error*," as applied to the *trial* of the cause?   Does it mean the particular period of time in the progress of the trial, or is the whole time occupied by the trial to be regarded as one stage in the proceedings, and the time consumed therein as covering but one period?   The appellant insists that in such a case the reversal only carries the costs back to the particular point of time in the trial when the first error occurred.   But great difficulties would seem to present themselves in the practical application of the statute under this rule.   Another section of the same statute, we think, has an important bearing on the construction to be given to the one just quoted.   Section 569, p. 276, enacts that "the supreme court may reverse or affirm the judgment below, in whole or in part, and remand the cause to the court below; but the court shall not reverse the proceedings, *any further than to include the first error*."   Now, in the case at bar, the first error—the one for which the judgment was reversed— occurred near the close of the trial, in the charge of the court to the jury, and the same rule of construction contended for by the appellants, if applied to the section last quoted, would prevent the court from reversing the proceedings beyond the point of time in the trial when the erroneous instruction was given.   The trial in such a case, however, is indivisible; it is, in legal contemplation, a unit; and, therefore, under such a construction, the statute would prove a total failure, in its practical application.   Hence it is the settled rule of practice, in such cases, that the reversal is made to extend through the entire trial to the issue, and directs a trial *de novo*.   And we think it was the intention of the legislature, that the right to recover costs should

travel with the reversal, through the record, to the same common point.

This view is in accordance with the previous rulings of this court. In the case of *Doyle* v. *Kiser*, 8 Ind. 396, a prior judgment had been reversed by this court, for error occurring during the trial, and this same question of costs subsequently arose in the court below, and was appealed to this court. In deciding the case, the court said: "The reversal of the cause, when formerly before this court, extended back, through the trial in the circuit court, to the issue," and then, after quoting § 573 of the statute, the court adds, "We think, under this statute, the reversal carries costs in favor of the party obtaining it, to the point *to which the reversal is made.* We think such was the practice under the former statutes, (*Andrews* v. *Hammond*, 8 Blackf. 540,) and that it should be continued under the present. The plaintiff below should have been taxed with the costs *incident* to the trial through which the reversal extended." The case was again brought to this court on the same question of costs, and is reported in 12 Ind. 474. The court says: "Where erroneous instructions of the court to the jury, upon the trial of a cause, constitute the error for which the judgment in the cause is reversed by the supreme court, such error will, as a general rule, *render the whole trial an error*, so far as to compel a reversal back through the trial to the issue. It renders a second trial of the issue necessary. Such was this case; and the reversal carried the costs of the erroneous trial had, by the express terms of the decision in 8 Ind. 396."

The learned counsel for the appellants attempts to deny the authority of this case, by saying that this court did not, and could not, decide anything that was not before them, and insists that the first error, for which the judgment was reversed, was in the improper admission of evidence, and not in charging the jury, and, therefore, the case is distinguishable from the one at bar, "because the court does not preserve, by record, the time in a trial when a particular

witness is examined," &c. Without admitting the correctness of the statement as to the error for which that case was reversed, we think it does not alter the rule laid down. The learned counsel seems to have overlooked the fact that the rule of decision laid down by the court is not based on the particular *period of time*, in the trial, when the first error occurred; but upon the fact that, if the reversal is carried back through the whole trial to the issue, it carries the costs of the trial back to the same point to which the reversal extends, i. e., to the issue. It is not denied but that the case was reversed for an error occurring during the trial, and that the reversal extended back through the whole trial to the issue, and required that a new trial should be had. Such also was the case at bar, and the same rule would seem to apply.

In the affirmance of the order of the court below, as to costs, on *Conner's* second appeal to this court, 10 Ind. 25, PERKINS, J., in delivering the opinion of the court, said: "This case was reversed in the supreme court, and remanded. In *Doyle* v. *Kiser*, this court said that, 'the reversal carries costs in favor of the party obtaining it, to the point to which the reversal is made,' and that where the reversal extends back to the issue of fact tried, the *costs of the trial* are carried by the reversal. Such is the rule. * * * * * * In the case now before us, the bill of exceptions states that the court adjudged all costs against said plaintiff which accrued previous to the point of error at which the supreme court reversed the case. The court below seems to have been acting upon the correct rule," &c. The court affirmed the case, and, evidently, for the reason that the court below acted upon the correct rule, that is, upon the rule that, "where the reversal extends back to the issue of fact tried, the costs of the trial are carried by the reversal. Such was the construction given by this court to the language used in the judgment, or order of the court below, and hence the case was affirmed. The subsequent difficulty, however, seems

to have arisen by the acts of the clerk, in disregarding the order of the court, and taxing the costs of the trial to *Conner*, instead of the defendant.

The costs taxed by the court below were all incident to the trial, and, under the rule laid down, we think, properly taxed to *Winton*.

The remedy adopted was a proper one, under the circumstances of the case. The fee bill, it is alleged, was in the hands of the officer, who was threatening to levy it on *Conner's* property; to prevent which, he prayed an injunction and a proper taxation of the costs. ˏThe latter prayer in the complaint was, in effect, a *motion* for that purpose.

We think the action of the court below was correct, and therefore overrule the petition for a rehearing.

GREGORY, J., was absent.

*J. U. Pettit*, for appellant.