## HATWOOD *v.* CAMPBELL.

Costs:—*Judgment for Less than Fifty Dollars.* — Where, in an action in the circuit court, upon a complaint on contract showing a cause of action for more than fifty dollars, there was a verdict for less than that amount, and it could not be ascertained whether the jury arrived at the amount of the verdict by the allowance of payments or by the allowance of a set-off, by either of which modes the amount might have been reduced under the pleadings, there was no error in allowing the costs to follow the judgment for the plaintiff.

From the Daviess Circuit Court.

*J. W. Burton* and *J. W. Ogdon,* for appellant.

*W. R. Gardiner,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, on three promissory notes and on an account. The first note described in the complaint is for two hundred and fifty-eight dollars and ninety-one cents, and is credited with one hundred and ninety-five dollars and thirty-five cents; the second is for thirty-one dollars and fifty cents; and the third is for seventy-six dollars and eighty cents; and the bill of particulars, or account, is for fifty-three dollars and eighty-three cents; "all of which," the complaint alleges, "are due and unpaid, except a credit shown on said bill of particulars of two hundred and thirteen dollars and sixty-two cents, leaving due plaintiff fifty-five dollars." The notes provide for payment of attorneys' fees.

The defendant pleaded: 1. A general denial; 2. Payment; 3. Set-off. Reply, 1 and 2. General denials of the second and third paragraphs; 3. To the third paragraph of answer, payment; 4. That the items of the set-off claimed in the third paragraph of the answer are the same as contained in the credits in the plaintiff's bill of particulars and indorsed on the notes. Trial by a jury. Verdict for the plaintiff for twelve dollars damages and ten dollars attorney's fee. ·

The defendant moved for judgment in his favor for costs. The motion was overruled. He then moved for a new trial, which was denied, and there was judgment for the plaintiff for the amount of the verdict and costs. Exceptions were duly taken to these rulings, and they are here assigned as errors.

It is not urged by counsel that a new trial should have been granted; but it is contended that the defendant should have recovered costs under sec. 397, p. 227, 2 G. & H. The section provides, that in actions for money demands on contract, commenced in the circuit court, etc., if the plaintiff recover less than fifty dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below fifty dol-

lars by set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs. When the judgment is reduced below fifty dollars by proof of payments, the defendant shall recover costs.

This section is in the nature of an exception to the general rule, that the party recovering judgment shall recover costs. Sec. 396, p. 225, 2 G. & H.

There was a set-off pleaded here, and a reply of payment of the matters constituting the set-off.

The plaintiff in his complaint demanded judgment for fifty-five dollars, after making the credits conceded by him.

It is not possible for us to ascertain how the jury arrived at the amount of their verdict, whether by the allowance of payments or of set-off. Hence, we think, the court committed no error in applying the general rule, and allowing the plaintiff to recover his costs.

The judgment is affirmed, with ten per cent. damages and costs.