No. 7771.

EIGENMANN ET AL. *v.* KERSTEIN ET AL.

COSTS.—*Order Adjudging, upon Reversal of Judgment.*—The reversal of a judgment for error in the admission of incompetent evidence carries costs back to the issues, including costs of subpœnas and their service, docketing, making up the issues, and entries to the beginning of the trial, although the error which required the reversal occurred after the trial began, if its effect was to render the proceedings, from the very first step, erroneous.

SAME.—*Practice.*—An objection to the order of the trial court adjudging costs upon the reversal of a cause must designate the alleged error therein, by specifying the items and amounts which are deemed erroneous.

From the Spencer Circuit Court.

*D. T. Laird* and *C. H. Mason*, for appellants.

*C. L. Wedding*, for appellees.

ELLIOTT, J.—This case is for the second time in this court. In *Killian* v. *Eigenmann*, 57 Ind. 480, a judgment was rendered by this court, reversing the judgment of the lower court, because of error in admitting incompetent evidence, and in giving erroneous instructions. After the cause had gone back into the trial court, the opinion pronounced upon appeal was entered of record, and it was then adjudged that the appellees recover costs "in the action back to the issues, including costs of subpœnas and the service, docketing, making up the issues, entries to the beginning of said trial." We think this order was substantially correct. Although the errors which required a reversal occurred after the trial had been entered upon, still their effect was to render the proceedings, from the very first step in the trial, erroneous. *Conner* v. *Winton*, 10 Ind. 25; *Doyle* v. *Kiser*, 8 Ind. 396.

The appellants have not properly presented the question which they argue. They did not make objection to any specific part of the order adjudging costs; their objection was to the entire order. Even upon their own theory, the court did right in taxing some part, at least, of the costs mentioned in the order, against them, and, if the error was in the amount simply, it was the duty of appellants to have specifically pointed it out. The case is the same in principle with those cases which hold that the question of the amount of recovery can not be considered upon appeal, unless properly presented by the motion for a new trial in the trial court. The appellants ought, in their objection to the order, to have designated the alleged error, by specifying the items and amounts which they deemed erroneous.

Judgment affirmed.