Baltimore, Ohio and Chicago Railroad Company *v.* Crissman.

No. 8733.

BALTIMORE, OHIO AND CHICAGO RAILROAD COMPANY *v.*
CRISSMAN.

COSTS.—*Judgment Less than Fifty Dollars.*—*Actions on Contract and in Tort.*—
*Trespass.*—Two actions, one on a money demand on contract, the other
for trespass to lands, were consolidated. The defence was a mere denial.
There was a verdict for the plaintiffs for $48, of which $20 was for the
trespass, and $28 upon the contract, and there was a remittitur of $20,
and judgment for the plaintiff for $28 and costs, a motion by the de-
fendant for judgment in its favor for all costs having been overruled.
*Held,* that under the statute, sections 590, 591, 592 and 594, R. S. 1881,
there was no error in overruling the motion, inasmuch as it did not ap-
pear by the record that there was not a recovery of $5 for the trespass.
*Held,* also, that the record presented no question as to the right of the de-
fendant for judgment for costs of the issues made on the demand upon
contract.

From the Porter Circuit Court.

*J. H. Carpenter, A. L. Jones* and *M. L. DeMotte,* for ap-
pellant.

*W. Johnston,* for appellee.

BLACK, C.—The appellee sued the appellant, the complaint
being in two paragraphs.

The first paragraph stated, in substance, that the appellant,
in 1873, without leave, wrongfully entered on certain land
described, in Porter county, in this State, of which the ap-
pellee then was and still remained the owner, other than the
appellant's right of way through and over said land; that
appellant also cut timber thereon of the value of $150, and
carried it away and destroyed it, and covered up said land,
and put embankments of dirt and gravel thereon, to the dam-
age of the land in the sum of $150; and that the appellant
still unlawfully held possession of said land.

The other paragraph (numbered the third, the second hav-
ing been dismissed by the appellee) alleged that the appellee
was the owner and in possession of certain land described,
being the same tract mentioned in the first paragraph, except
a portion of said tract used and occupied by the appellant for

its right of way over the same, which land, with other land
described, he used as a farm; that by decree of the Porter
Circuit Court, entered at its December term, 1877, in an ac-
tion pending therein between the appellant and the appellee,
and by a deed made by the appellee to the appellant, a copy
of which is made an exhibit, the appellant was bound to put
in a farm-crossing for the appellee, at a certain place men-
tioned on said premises, and to put in a culvert, to lead off
the water from appellee's ditch, running up to said right of
way on said premises, or, in lieu thereof, was to dig a ditch
connecting with appellee's ditch, and conducting the water
therefrom to the culvert east of said ditch; that appellant
had failed and refused to dig said ditch, or put in said cul-
vert, or make said farm-crossing, although often requested so
to do; that appellee had been compelled to cross appellant's
railroad tracks and side tracks without any crossing being
made since the entry of said decree and the making of said
deed, in going to and returning from each portion of his
farm, and had broken his wagon and sled thereby in crossing;
that the water had been backed upon his lands, and the same
had been greatly damaged for want of said ditch or culvert;
and that by reason of the premises he had been damaged in
the sum of $500. "Wherefore he demands judgment for
$1,000, and that the defendant may be compelled to make
said crossing and dig said ditch, or put in said culvert, and
for all other and further proper relief."

By the deed made part of this paragraph, the appellee and
his wife conveyed and warranted to the railroad company a strip
of land for the road of said company, through and across a tract
of land described as in said paragraph, and it was stipulated
in said deed that said company agreed and was bound as
alleged in said paragraph.

A demurrer for misjoinder of causes of action was sustained
to, and the court ordered that a separate action be docketed on
the first paragraph; but afterward, by agreement, the causes
were consolidated.

The appellant answered by a general denial.

A trial resulted in a verdict for the appellee for forty-eight dollars.

The evidence is not in the record, but, in answer to interrogatories, the jury indicated that, of the amount awarded by the verdict, the sum of twenty dollars was given upon the first paragraph of the complaint, and that the sum of twenty-eight dollars was given upon the third paragraph.

A motion for a new trial having been made by the appellant, the appellee remitted twenty dollars of the amount of the verdict; and thereupon the motion for a new trial was overruled, and judgment was rendered for the appellee for the sum of twenty-eight dollars and costs.

The appellant then moved for judgment for costs in its favor. The motion was overruled, and the question involved in this action of the court is the only one discussed by counsel here.

In support of the objection to the ruling, reference is made to the statutory provision, that, "In actions for money demands on contract, commenced in the circuit court,* * if the plaintiff recover less than fifty dollars, exclusive of costs, he shall pay costs," etc. 2 R. S. 1876, p. 194, section 397.

"The phrase '*money demands on contract,*' when used in reference to an action, means any action arising out of contract, where the relief demanded is a recovery of money." 2 R. S. 1876, p. 314, section 797.

By section 398, 2 R. S. 1876, p. 195, it is provided, that, "In all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question."

And it is provided by section 400, 2 R. S. 1876, p. 196, that, where there are several issues, each party shall recover costs upon those determined in his favor.

The first paragraph of the complaint was based upon a

cause of action for damages solely, not arising out of contract; and if it had been the only paragraph, upon a recovery thereunder of less than five dollars the appellee would have recovered no more costs than damages; but upon a recovery by the appellee of any amount, the appellant could not have had judgment for costs.

The third paragraph set forth a cause of action for a money demand on contract. The question whether or not it also presented a cause of action for specific performance, has not been argued or stated by counsel. The prayer could not change the nature of the action. *Hunter* v. *McCoy*, 14 Ind. 528; *Goodall* v. *Mopley*, 45 Ind. 355.

Whether the facts stated were sufficient to support a demand for specific performance, need not be decided, under the view we take of the case.

Assuming that the third paragraph stated only a money demand on contract, which is the construction most favorable to the appellant, then, if this paragraph had been the only one, and if, under the issue made thereon by the general denial, the appellee had recovered only the amount awarded by the jury under the third paragraph, a motion by the appellant for judgment in his favor for costs should have been sustained.

Before the rendition of judgment, the appellee remitted twenty dollars "of the verdict." There is nothing in the record to indicate whether this sum was remitted from the amount awarded under the third paragraph, or was remitted as the sum awarded under the first paragraph, or was remitted in part from the amount awarded under each paragraph.

The fact that it was the same sum as the amount awarded under the first paragraph, is a coincidence which does not necessarily indicate that the award under that paragraph was remitted. The remittitur was an abatement of the excess of the whole verdict.

The nature of the cause of action set forth in each paragraph of the complaint does not preclude the idea that the amount remitted may have been deducted in part from the amount

awarded by the jury on each paragraph, or wholly from the award upon the third.

Thus, the record does not show whether the recovery was upon the third paragraph alone, or upon both paragraphs.

The question is not presented whether, if the recovery was in part upon each paragraph, the appellant was entitled to judgment for costs on the issue formed upon the third paragraph.

The motion was not for judgment for costs upon a particular issue, but was for judgment for all the costs expended by the appellant in the action.

This court must indulge every presumption that the case shown by the record admits, in favor of the action of the trial court. We can not say, upon the record before us, that the court should have sustained the appellant's motion. See *Hatwood* v. *Campbell*, 51 Ind. 83; *Eigenmann* v. *Kerstein*, 72 Ind. 81.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellant.