Filed Oct. 18, 1884.

———————

No. 10,858.

FAIRBANKS ET AL. *v.* MEYERS.

CONTRACT:—*Acceptance.*—Where a written contract is signed by one only of the contracting parties, but the writing is accepted and acts are done under it by the other party, he is bound by such contract.

Fairbanks *et al. v.* Meyers.

SAME.—*Averment of Performance.*—Under section 370, R. S. 1881, it is suffi-
cient for the plaintiff, in an action upon a contract, " to allege gener-
ally," that he has performed all the conditions of the contract on his
part.

PRACTICE.—*Assignment of Error.— Waiver.*—An error assigned, but not dis-
cussed, is considered by the Supreme Court as waived.

SAME.—*Special Finding.— Conclusions of Law.—Exception.*—The effect of an
exception to the court's conclusions of law, upon a special finding of
facts, is to admit for the purposes of the exception that the facts have
been fully and correctly found; but the admission is not conclusive,
and does not preclude the party from questioning the special finding of
facts, either by a motion for a new trial or for a *venire de novo.*

From the Lagrange Circuit Court.

*W. C. Glasgow,* for appellants.

*J. D. Ferrall,* for appellee.

HOWK, J.—This was a suit by the appellants, partners un-
der the firm name of " Fairbanks, Morse & Co.," against the
appellee, Meyers. The action was founded upon a written
instrument alleged to have been executed to the appellants,
partners as aforesaid, by the appellee, Meyers, and was
brought to recover damages for appellee's alleged breaches
of the terms of such instrument. The appellee, Meyers, al-
leged, by way of counter-claim, that the appellants had failed
on their part to comply with the terms of such written in-
strument, whereby he had sustained damages for which he
demanded judgment. Issues were joined upon the complaint
and cross complaint, and were tried by the court; and, at the
request of the parties, the court made a special finding of
facts, and thereon stated its conclusions of law in favor of
the appellee. Over the appellants' exceptions to the court's
conclusions of law, and sundry motions by them made, the court
rendered judgment against them in favor of the appellee.

Before considering the errors complained of in this court
it is necessary to a proper understanding of the questions
presented for decision, that we should first state the facts al-
leged by the appellants, in' their complaint, as constituting
their cause of action against the appellee.

The appellants alleged, in substance, that as partners under the firm name of Fairbanks, Morse & Co., they were manufacturers of and dealers in the weighing scales, known to the public as " Fairbanks' Scales;" that the appellee Meyers was a retail dealer in scales; that on the 14th day of September, 1880, the appellee made the appellants a proposition in writing, and then made and entered into a written contract with them, which proposition or contract was and is in the words and figures following, to wit:

"CHICAGO, Ill., Sept. 14th, 1880.

"*Messrs. Fairbanks, Morse & Co., Chicago:*

"DEAR SIRS—You can send me to Rockford, Ill., four 600-pound platform scales on wheels and two 400-pounds, this being the first of (100) one hundred platform scales I take between this date and the 1st of April, 1881, under the following conditions: I agree to order and pay for, in the time specified, if, during the time, I have my health sufficiently to work, but if I should not be able to work all of the time specified, then I am to have an extension of time to take up the balance of scales, as long a period as was disabled. In case of death, you are to absolve me or my heirs from this arrangement.

" When ordering scales, will send you money for each lot, $17, 600-lbs.; $13.50, 400-lbs. I am to have nickle-plated beams, 50 cents. You are to prepare 50 nickled for my trade. You are to deliver these scales, 600-lbs., on board of cars, free of cartage, at Chicago, for seventeen and $\frac{50}{100}$ dollars, nickle-plated, and furnish me, when required, 200 pound weights for portable scales at 25 cent each. I agree to handle 'Fairbanks' scales' exclusively.

(Signed)   "D. B. MEYERS."

The appellants alleged that, in consideration of the mutual agreements and covenants therein contained, they of the one part, and the appellee of the other, so made and entered into the same written contract, the appellee signing, and the appellants at the same time accepting and adopting, the same as

Fairbanks *et al. v.* Meyers.

their contract, of which appellee then had full notice, both parties concurring therein, and thereafter regarding and accepting the same as their joint contract together with each other; that thereafter the appellants fully performed such contract on their part; that the appellee, on the contrary, refused to abide by or perform such contract or the terms thereof on his part; that he wholly omitted and refused to order, receive or pay for the scales and other property, which, in said proposition and contract, he had agreed and bound himself to order and pay for, or any part thereof; that, without legal or other just excuse or cause whatever, the appellee failed and refused, within the time specified in such contract, or any time since the execution and acceptance thereof, to order, receive or pay for the scales, beams and weights in said contract specified, or any part thereof; that, for the same time, the appellee had, in violation of his said contract and the terms thereof, dealt in and handled other scales, and had not for said time, or any part thereof, handled "Fairbanks' scales" exclusively; that the appellee, during all the time specified in said contract, within which he therein agreed and bound himself to order, take and pay for the scales therein mentioned, had his health sufficient to work, and was, during all said time, and thence had been and then was able to work; that the appellants prepared for appellee's use, of the kind and in the manner and style specified, all the scales, beams and weights in said contract mentioned; that they were, at the time specified in the contract, since had been, and then were ready and willing to deliver said scales, beams and weights, so prepared as aforesaid, at the place and on the terms and conditions in said contract mentioned, all of which then was and hitherto had been well known to the appellee, all to the damage of the appellants, etc.

The appellee's answer was in four paragraphs, of which the first was a general denial, the second stated special matter as a defence, and the third and fourth paragraphs were each a counter-claim. The appellants' demurrers to the sec-

ond, third and fourth paragraphs were severally overruled by the court, and each of these rulings is assigned here as error.

In the second paragraph of his answer, the appellee alleged that, pursuant to the contract in suit and in performance thereof, he ordered the whole of said property, and the appellants delivered to him fifty of said scales, beams and weights, all of which he paid for; that, at all times, he had been and still was ready and willing to pay for and receive the balance of said property, but that the appellants had refused, and still refused to deliver such property to the appellee.

In the third paragraph, by way of counter-claim, the appellee said that, on September 14th, 1880, he entered into the contract with the appellants, described in their complaint, he by signing the same, and the appellants by accepting and adopting it; that said contract was executed in duplicate, one signed by appellee and the other signed by the appellants, and the two were precisely alike except as to the signatures thereto; that the one signed by appellee was delivered to the appellants, and the one they signed was at the same time delivered to appellee, in execution of their mutual contract and agreement, and as one contract between the parties; that appellee could not give a copy of the contract delivered to him, for the reason that it was lost, but it was precisely like the copy set out in the complaint, except as to the signature; that the appellee ordered the scales and other property mentioned, and had fully performed the contract on his part; that the appellants delivered, pursuant to and in performance of the contract, forty of said scales which appellee paid for; that the appellants without cause, on March 9th, 1881, and since that time, wholly refused to deliver to the appellee the balance of the property, in said contract mentioned, and that they well knew that appellee was at that time, and had been since, ready and willing to receive and pay for said property; that on said day, and at divers times since, the appellants notified appellee that they would not deliver to him said property, pursuant to said contract; that the said scales, beams and

weights, not delivered pursuant to such contract, were on said 9th day of March, 1881, and have been at all times since, worth $490 more than appellee had agreed to pay for them; and that, by reason of appellants' wrongful refusal to deliver said property, the appellee had been and was damaged in said sum of $490, for which sum he demanded judgment.

The fourth paragraph is also a counter-claim, and the only substantial difference between its allegations and those of the third paragraph is, that there is no averment in the fourth paragraph that the contract between the parties was executed in duplicate, or intended so to be executed. In lieu of such an averment, the execution of the contract is stated in such fourth paragraph, substantially as it is stated in the appellants' complaint.

It is claimed by appellants' counsel that the third paragraph of appellee's answer, being his first counter-claim, was insufficient on demurrer, because "the alleged contract, therein referred to, on which appellee bases his right to recover" (in the language of counsel), "is believed to be in the nature only of a *proposition* by appellee rather than a contract or agreement in the ordinary sense." In other words, the appellants claim in argument that the written instrument, which they, as well as the appellee, have declared upon in this action as the mutual and binding contract of the parties on both sides, is merely an unilateral contract, which either party was at liberty to recede from or abandon "at any stage of the proceeding." In view of the allegations of their complaint, counting expressly upon the mutuality and binding force of the contract, this objection of the appellants to the sufficiency of appellee's counter-claim comes too late to be available, even if it were well taken. But, as applied to the paragraph of counter-claim to which the objection is made, it would not have been well taken, we think, no matter when made nor under what circumstances. In *Street* v. *Chapman*, 29 Ind. 142, it was held by this court that where a contract is signed

by one only of the contracting parties, but it is accepted by the other party, and affirmative acts, provided for therein, are done by him thereunder, he is bound by such contract. In the case in hand the appellants had not only accepted the contract signed by appellee and performed affirmative acts called for therein, but, in their complaint in this suit, they expressly charged and averred that they had made and entered into the same written contract by "accepting and adopting the same as their contract." Surely, the appellants can not now be heard to object to appellee's counter-claim upon the ground that the contract in suit was unilateral, or was not mutual, and they were not bound thereby.

Appellants' counsel also insists that appellee's counter-claims are insufficient on demurrer because they fail to show that appellee "had specifically complied with the terms of the contract" sued upon. Upon this point appellants' counsel says: "It is true that defendant therein avers that he 'fully performed said contract on his part;' but it is plain he can not mean this in the ordinary sense, for it is admitted that the contract is not performed as a whole and entirely, whoever may be to blame therefor." There is nothing in this objection to the counter-claims, and this is shown conclusively, we think, by the language we have just quoted from the brief of appellants' counsel. In section 370, R. S. 1881, it is provided that, in an action upon a contract, "it shall be sufficient to allege, generally, that the party performed all the conditions on his part." This section is a substantial re-enactment of section 84 of the civil code of 1852; and since this latter section took effect this court has uniformly held that, in an action upon a written contract, it is sufficient for the plaintiff to allege generally, in his complaint, that he has performed all the conditions of such contract on his part to be performed. *Purdue* v. *Noffsinger*, 15 Ind. 386; *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *American Ins. Co.* v. *Leonard*, 80 Ind. 272.

The objections urged by the appellants' counsel, in argument, to the sufficiency of appellee's counter-claims, do not

seem to us to be well taken; and, therefore, we conclude that the court committed no error in overruling the demurrers to these counter-claims. In the briefs of appellants' counsel, no allusion is made to the alleged error of the court in overruling the demurrer to the second paragraph of appellee's answer. This error, therefore, under the settled practice of this court, must be regarded as waived. *Bybee* v. *State*, 94 Ind. 443.

The only remaining question for our consideration and decision is this: Did the trial court err in its conclusions of law upon its special finding of facts? This question is presented here solely upon the appellants' exceptions to the court's conclusions of law. The special finding of facts was not called in question, either by a motion for a *venire de novo* or by a motion for a new trial. By their exceptions to the conclusions of law, the appellants admitted that the facts were fully and correctly found by the court, but said that the court had erred in applying the law to the facts so found, in its conclusions of law. *Cruzan* v. *Smith*, 41 Ind. 288. Doubtless it is true that, after their exceptions to the conclusions of law were disposed of, the appellants were not precluded thereby from questioning the correctness of the facts specially found, or the failure of the court to find facts which were proved, either by a motion for a new trial, or by a motion for a *venire de novo*, addressed to the trial court. *Robinson* v. *Snyder*, 74 Ind. 110; *Bertelson* v. *Bower*, 81 Ind. 512; *Braden* v. *Graves*, 85 Ind. 92; *Dodge* v. *Pope*, 93 Ind. 480.

But while the appellants had the undoubted right to call in question the correctness of the facts specially found by the court, yet, as we have already said, they did not avail themselves of this right in any legal manner. The case is presented here, therefore, upon the appellant's exceptions to the conclusions of law, precisely as they presented it to the trial court. They admit here, as they admitted below, for the purposes of their exceptions, that the facts were fully and correctly found by the court; and they say here, by their as-

signments of error, as they said below, that the court had erred in applying the law to the facts so fully and correctly found in its conclusions of law. We have explained this matter more fully than we otherwise would have done, or deemed it necessary to do, for the reason that the entire argument of counsel, upon the error under consideration, is an earnest and vigorous attack upon the court's special finding of facts. In the state of the record, as we have said, the appellants admit here, as they admitted below, for the purposes of their exceptions, that the facts were fully and correctly found by the trial court, and this admission they can not controvert in this court. It follows, therefore, that the objections urged by the appellants' counsel to the special finding of facts are not so saved in or presented by the record of this cause, as that they can be considered and passed upon by this court. If the facts proved were not fully found by the court, the appellants should have moved for a *venire de novo;* and if the facts were not correctly found by the court, they should have moved for a new trial. As we have seen, the record shows that neither of these motions was made by the appellants; and, therefore, we think that the objections urged by their counsel to the special finding of facts are not so shown by the record that the appellants can be heard to complain of them, or that we can consider or pass upon them.

We find no error in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 17, 1884.