Shoemaker v. Smith.

Filed Jan. 22, 1885.

---

No. 11,284.

## SHOEMAKER v. SMITH.

COSTS.—*How Reversal of Judgment Controls Liability.*—*Interlocutory Order.*— Where, upon appeal from an interlocutory order appointing a receiver, the order is reversed because a motion for change of judge had before been overruled, and the cause remanded with directions to grant the change, the appellant recovers costs below accruing after the refusal of the change until the order appointing the receiver, but not those accruing after such appointment.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellee.

HOWK, J.—After this cause was at issue, it was submitted to the court for trial, and, at the request of the parties, the court made a special finding of facts and stated its conclusions of law thereon. Over the exceptions of the appellant, the plaintiff below, to the court's conclusions of law, judgment was rendered in accordance therewith.

In this court the appellant has assigned error which calls in question the correctness of the trial court's conclusions of law upon the facts specially found.

The facts found by the court were, substantially, as follows: On the 23d day of August, 1878, the appellant filed his com-

plaint in the court below alleging the existence of a partnership with the appellee, and praying for the dissolution thereof, with other proper relief. At the next term of the court appellee appeared to that action, and before the cause was at issue a day was fixed by the court for the trial thereof at that term, and the appellant subpœnaed and had in attendance certain witnesses to prove the issues - in his behalf, whose total attendance at that term amounted to twenty-nine days, and whose total fees and mileage amounted to the sum of $39.25. The cause was not tried at that term, but it was continued generally. At the January term, 1879, of the court, on January 15th, 1879, the appellee filed.an answer and cross complaint, and a demurrer to such cross complaint was overruled. On the 24th day of that term appellant's motion for a change of judge was overruled, and on the 26th day of the term, over appellant's objections, the court appointed a receiver for the firm, from which order the appellant prosecuted an appeal to the Supreme Court. At that term the cause was set down for trial on a day of the term fixed by the court, and the appellant subpœnaed twenty-two witnesses, who were in attendance, and whose fees and mileage amounted to the sum of $236.60. All of these witnesses were in attendance on the 24th day of the term, when the motion for the change of judge was filed, and on the 25th and 26th days of the term, on which latter day the action of the court appointing a receiver was had. After the appointment of the receiver and. the appeal therefrom, and pending such appeal, the cause was continued generally from term to term until the September term, 1881, of the court.

At the May term, 1881, of the Supreme Court, the aforesaid appeal was decided, and it was adjudged by that court " that the judgment be and is in all things reversed, at the costs of the appellee, and the cause is remanded with instructions to sustain the demurrer to the cross complaint and the motion to change the venue." *Shoemaker* v. *Smith,* 74 Ind. 71. After the cause was remanded, the opinion was entered on the order-

book of the court below, and judgment was there rendered in accordance with the mandate of the Supreme Court. The cause was then continued from term to term until the adjourned April term, 1882, when a trial was had, and a judgment was rendered in appellee's favor for $500, and that each party pay the costs by him made except as to the costs theretofore already adjudged. Thereafter the parties each paid the costs made by himself, except as to the costs of appellant's witnesses at the September term, 1878, and the January term, 1879, with the clerk's costs for issuing subpœnas for the same at such terms, and the sheriff's costs for serving such subpœnas. Such unpaid clerk's costs were $5, and such unpaid sheriff's costs amounted to $20. The clerk divided the costs of the continuances after and including the January term, 1879, when the change of judge was applied for, and up to the term when the opinion of the Supreme Court was returned, equally between the parties, and each of them paid the costs of such continuances taxed against him. The judgment recovered by appellee against appellant was still unpaid, except the sum of $162.85 paid January 9th, 1883. The appellee had paid the costs of his own witnesses, but had not paid to or for the appellant any of his costs for bringing his witnesses into court, or any of the fees of such witnesses. Appellee had paid all the clerk's costs incurred at the January term, 1879, after the overruling of the motion for a change of judge.

Upon the foregoing facts the court stated its conclusions of law, substantially, as follows:

1. Under the judgment of the Supreme Court, awarding costs to appellant on the judgment of reversal, the appellant was entitled to have taxed against the appellee, and to recover as a part of said judgment, the fees of appellant's witnesses, who were in attendance on the 25th and 26th days of the January term, 1879, amounting to $55 in all.

2. Under said judgment the appellant was not entitled to have taxed against appellee, or to recover of him, any

of the clerk's or sheriff's costs in summoning witnesses for the September term, 1878, or for the January term, 1879, or any of the costs of such witnesses at such September term, or at such January term except as to the two days' attendance of the witnesses after the change of judge was denied.

3. Appellant was not entitled to recover the costs of attendance of his witnesses on the 24th day of the January term, 1879, on which day the motion for change of judge was overruled.

4. Appellant was not entitled to recover, under the judgment of the Supreme Court, for the costs paid by him of the continuances of the cause thereafter had.

5. Appellant was not entitled to recover of the appellee, under the judgment of the Supreme Court, the costs of the clerk of the court below, made at the January term, 1879, after the overruling of the motion for a change of judge, which had already been paid to the clerk by the appellee.

6. Appellant had the right to have the amount of the costs, which were properly taxable under the judgment in his favor of the Supreme Court, to wit, the sum of $55, with interest thereon from May, 1881, set off against appellee's judgment against him.

7. Upon the whole case, there ought to be a finding and judgment that there was due the appellant on his judgment for costs against the appellee, ordered by the Supreme Court, the sum of $60, principal and interest, and that the same ought to be credited as a set-off and satisfaction *pro tanto*, upon appellee's judgment against the appellant.

Appellant excepted to each of the court's conclusions of law except the *first* and *sixth*, which were in his favor. The appellee excepted to the *first* and *sixth* conclusions of law, but he has not assigned any cross error, and, therefore, we are not required to consider the correctness of these conclusions.

The case is before us solely on the special finding of facts and the exceptions reserved to the second, third, fourth, fifth and seventh conclusions of law. In such a case, as we have

often decided, the appellant admits, for the purposes of his exceptions, that the facts of the case have been fully and correctly found; but he says that the trial court has erred in its application of the law to the facts specially found in the conclusions of law excepted to. *Cruzan* v. *Smith*, 41 Ind. 288; *Robinson* v. *Snyder*, 74 Ind. 110; *Fairbanks* v. *Meyers*, 98 Ind. 92.

It will be observed that the trial court has based each of its conclusions of law in this case upon the judgment for costs which the appellant recovered against the appellee in this court in the former case, between the same parties, of *Shoemaker* v. *Smith*, 74 Ind. 71. It will also be observed that the court has not found, as a fact, that in the former suit between the parties any judgment for costs was rendered by the court below in favor of appellee and against the appellant, at or before the making of the order for the appointment of a receiver, from which order the appeal was taken to this court in the case last cited. Indeed, we think it is shown in the special finding of facts that in the former suit no judgment for costs was ever rendered by the court below in favor of either party until the cause was finally disposed of, and long after the determination of the appeal therein to this court. Of course, therefore, the appeal to this court was not taken by the appellant from any judgment of the court below against him for costs, for there was no such judgment from which an appeal could have been taken. The appeal was taken from the order for the appointment of a receiver, and there is, at least, room for doubt as to whether or not the reversal of that order could or would entitle the appellant to recover any costs for the attendance of witnesses in the main action, which was continued from term to term, and was not tried until after the appeal was determined. This question is not before us, and is not decided.

In section 664, R. S. 1881, which is a substantial re-enactment of section 573 of the civil code of 1852, it is provided that " when the judgment is reversed in whole, the appellant

shall recover costs in the Supreme Court and in the court below, to the time of the first error for which the judgment is reversed." It is manifest that the trial court was governed by this provision of the code in its conclusions of law, and there is no error in these conclusions of which the appellant can complain. *Doyle* v. *Kiser*, 8 Ind. 396; *Winton* v. *Conner*, 24 Ind. 107; *Eigenmann* v. *Kerstein*, 72 Ind. 81.

The judgment is affirmed, with costs.

