Burdge *v.* Bolin *et al.*

Filed April 14, 1886.

———————◆———————

No. 12,546.

BURDGE *v.* BOLIN ET AL.

HUSBAND AND WIFE.—*Gift.*—*Exemption from Execution.*—*Debtor and Creditor.*—*Real Estate.*—*Title.*—Where a husband, having less money and property than the amount to which he is entitled as exempt from execution, gives a part thereof to his wife which she uses in making the first payment on real estate purchased by her, such real estate is not subject to execution for the husband's debts.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter*, for appellant.

*M. Good* and *O. H. Bogue*, for appellees.

HOWK, J.—In this case the only error assigned by appellant Burdge, the plaintiff below, is, that the trial court erred in its conclusions of law upon its special finding of facts.

At appellant's request, the court found specially that the facts of this case were substantially as follows:

Johnson M. Burdge, plaintiff, on the 25th day of April,

1882, recovered judgment in the Wabash Circuit Court against the defendant Elisha Bolin, in the sum of $1,550.40, and costs, and there was then due and unpaid on such judgment, of principal and interest, the sum of $1,251. The plaintiff caused an execution to be issued on such judgment by the clerk of the Wabash Circuit Court, on the 11th day of October, 1882, to the sheriff of Wabash county, and such execution was by him returned on the 8th day of January, 1883, that no property of the defendant was found upon which to levy. On the 14th day of August, 1882, defendant Elisha Bolin was a resident householder of Wabash county, in this State, and has since continued to be such a resident householder. On such 14th day of August, 1882, he owned household goods and a cow of the value of $190, and had in money and notes $350, which constituted all his property of any kind whatever, either within or without this State. On such 14th day of August, 1882, defendant Elizabeth Bolin purchased the property described in the complaint as lot No. 40, in the town of North Manchester, in Wabash county, of Levi J. Noftzger, at the price of $1,400. Defendant Elisha Bolin gave to his wife, without consideration, the money and notes aforesaid, amounting to $350, to be used by her, and it was so used in the purchase of such lot, and constituted the first payment thereon. Elisha Bolin was indebted at the time to plaintiff in the sum of $1,000, and his wife Elizabeth knew of such indebtedness. The title to such lot had ever since remained in the name of Elizabeth Bolin, and, since such purchase, Elisha Bolin never had any other property than the household furniture and cow aforesaid, except his earnings from his labor, which had been consumed in the support of his family.

Upon the foregoing facts the trial court stated as its conclusion of law, that Elisha Bolin being a resident householder on such 14th day of August, 1882, the personal property aforesaid, amounting to the sum of $540, was by law exempt from execution, and there was no fraud in his giving his

Burdge v. Bolin et al.

money and notes, of the value of $350, to his wife and co-defendant, Elizabeth Bolin, and that she was entitled to hold such property as against the claims of the plaintiff.

The single question presented for our decision by appellant's assignment of error may be thus stated: Upon the facts specially found by the court, is there any error in its conclusion of law? We are clearly of the opinion that this question must be answered in the negative. Of course, as we have often decided, by his exception to the court's conclusion of law, appellant admits that the facts of the case were fully and correctly found in the special finding, but he says that the court has erred in applying the law to the facts so found in its conclusion of law. *Fairbanks* v. *Meyers*, 98 Ind. 92; *Schindler* v. *Westover*, 99 Ind. 395; *State, ex rel.*, v. *Emmons*, 99 Ind. 452; *Shoemaker* v. *Smith*, 100 Ind. 40; *Helms* v. *Wagner*, 102 Ind. 385.

Upon the facts found by the court in the case under consideration, admitted by appellant to have been fully and correctly found, we are strongly impressed with the opinion that the trial court arrived at a just, wise, and equitable conclusion of law. The fundamental law of this State, in section 22 of the Bill of Rights, has enjoined upon the General Assembly to recognize the privilege of the debtor to enjoy the necessary comforts of life, by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability thereafter contracted. Responsive to this constitutional injunction, the General Assembly has provided in section 703, R. S. 1881, that an amount of property, not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied. This court has uniformly held that our statutes of exemption of a debtor's property from seizure or sale for the payment of any contract, debt or liability, must be liberally

construed. *Gregory* v. *Latchem*, 53 Ind. 449 ; *Kelley* v. *Mc-Fadden*, 80 Ind. 536 ; *Puett* v. *Beard*, 86 Ind. 172 (44 Am. R. 280) ; *Haas* v. *Shaw*, 91 Ind. 384 (46 Am. R. 607) ; *State, ex rel.,* v. *Read*, 94 Ind. 103 ; *Barkley* v. *Mahon*, 95 Ind. 101 ; *Butner* v. *Bowser*, 104 Ind. 255.

It can not be doubted, as it seems to us, that the money and notes owned by Elisha Bolin, and by him given to his wife Elizabeth, in August, 1882, were then and there, upon the facts found by the court, exempt from seizure and sale for the payment of any debt, founded upon or growing out of a contract, express or implied. Where the right to an exemption of property from seizure and sale on execution clearly exists under the law, we have often held, and cor-rectly so, we think, that merely formal or technical objections will not be allowed to prevent the debtor from claiming the benefit of his exemption. *Douch* v. *Rahner*, 61 Ind. 64 ; *Haas* v. *Shaw, supra ; Butner* v. *Bowser, supra.*

In the case in hand, appellant sought to enforce the collec-tion of his judgment against Elisha Bolin, by subjecting to sale thereunder a certain town lot, the title to which lot was in Elizabeth Bolin, the wife of Elisha Bolin, upon the ground that he had purchased such lot and made the first payment thereon, and had fraudulently procured the deed of such lot to be executed to his wife, Elizabeth Bolin, with the fraudu-lent intention of cheating, hindering and delaying his cred-itors, and especially appellant, in the collection of their claims against him. Appellees answered by a general denial of the complaint. The facts found by the court, and correctly found as appellant admits, conclusively show that Elisha Bolin did not purchase such town lot, and that there was no fraud whatever in the purchase or conveyance of such lot to his wife, Elizabeth Bolin.

In *Carhart* v. *Harshaw*, 45 Wis. 340 (30 Am. R. 752), it was held by the Supreme Court of Wisconsin, that the owner of property exempt from forced sale may sell it or give it away, and, when the title has in fact passed to the vendee or

donee, the property is not subject to execution for the former owner's debts, whatever may have been his motive in the sale or gift. So, in *Delashmut* v. *Trau*, 44 Iowa, 613, it was held by the Supreme Court of Iowa, that a voluntary conveyance will be held void, as against creditors, only when the property conveyed is liable to be taken in execution for the payment of debts. To the same effect, substantially, are the following cases from our own reports: *Wallace* v. *Lawyer*, 54 Ind. 501 (23 Am. R. 661) ; *Abell* v. *Riddle*, 75 Ind. 345 ; *Lowry* v. *McAlister*, 86 Ind. 543.

We find no error in the record of this cause of which appellant can complain.

The judgment is affirmed, with costs.

