Faurote v. Carr et al.

Filed Oct. 30, 1886.

---

No. 12,759.

FAUROTE v. CARR ET AL.

FRAUDULENT CONVEYANCE.—*Exemption from Execution.*—*Debtor and Creditor.* —*Husband and Wife.*—Where a debtor, having at the time less money and property than he is entitled to under the exemption laws, purchases real estate, which he causes to be conveyed to his wife and children, the conveyance, nothing more appearing, will not be set aside as fraudu-lent, at the suit of a creditor.

SAME.—*Pension Money.*—Money received by a debtor as a pension from the Federal government stands upon the same footing as any other money which he may have.

From the Steuben Circuit Court.

*D. R. Best, E. A. Bratton, C. S. Denny* and *W. F. Elliott,* for appellant.

MITCHELL, J.—The question involved in this case, which was a suit to set aside a conveyance alleged to have been made in fraud of the rights of creditors, arises on a special finding of facts made by the court below at the appellant's request.

The facts found are, that on the 25th day of February, 1885, William M. Carr was a resident householder of Steuben county, in this State, and that he was indebted to the plain-tiff to the amount of $88.32, which sum, with the interest and attorney's fees, aggregating $103.14 at the date of the finding, remained unpaid. The total value of all property then owned by him, including wearing apparel, amounted to $109.

The court found further that Carr was, at the date of the purchase hereinafter mentioned, indebted to other persons in various sums, amounting in all, including the sum due the plaintiff, to about $400. Having previously served in the army, on the 26th of February, 1885, Carr received from the United States government $1,374.75 pension money. He loaned out of this sum $150 to persons who were insolvent and worthless, and $224.75 was expended in various ways for the benefit of himself and family, so that on the 2d day of March following, he had on deposit for his use in the Angola Bank $1,000.

On the 2d day of March he purchased the real estate described in the complaint, and paid for it out of the money mentioned, $330, that being the full purchase-price. He also paid all the debts owing by him, except that due the plaintiff. By Carr's direction, the land purchased was conveyed to his wife and minor children, who are parties defendants, and who paid nothing.

The court found that at the time Carr purchased the land and caused it to be conveyed to his wife and children, and from thence to the date of the trial, he was the owner of a less amount of property than would have been allowed him under the exemption laws of the State.

Upon the facts found, the substance of which we have stated, the court stated conclusions of law, to the effect that the plaintiff was not entitled to have the conveyance set aside.

The question for decision involves the propriety of the conclusions of law stated by the court.

In favor of reversal, it is argued with much force and plausibility, that however commendable the motive of the debtor may have been, in causing the conveyance in question to be made as it was, since the effect of the transaction was to deprive the plaintiff of the right to subject the property conveyed to the payment of her debt, the law raises an inevitable inference of fraud, regardless of the purpose of the

debtor, or whether the grantees—they having paid nothing—had notice of the facts, or participated in any improper design or not.

The general proposition, that a voluntary conveyance made by an insolvent debtor, who has at the time not sufficient other property subject to execution to pay all his debts, is constructively fraudulent as against existing creditors, is well sustained by the argument, and fully supported by the authorities cited.

The principle which rules this and other similar cases lies back of the proposition which counsel have maintained.

The court having found that the debtor, at the time he caused the conveyance in question to be made, was not the owner of an amount of property above that which in law he held as exempt from execution, can it be said, that an inference of fraud arises because he donated money or property, which the appellant could not have subjected to the payment of her debt, to his wife and children ?

The exemption laws of the State, having been enacted in pursuance of a constitutional mandate, are to be liberally construed in favor of the debtor.

We are unable to see how the rights of a creditor are in any way impaired, in case his debtor in good faith either sells or gives away property which is exempt and beyond the reach of any process which might be invoked for its subjection, even in the hands of the debtor.

It is only where the debtor voluntarily disposes of property which the creditor might have subjected to the payment of his debt, that the law raises an inference of fraud.

Where property is unavailable to creditors and beyond their reach, by reason of its being exempt from execution while the title remains in the debtor, the fact that he makes a *bona fide* sale or gift of it, while in that situation, does not put it more effectually beyond their reach than it was before. Hence creditors sustain no injury, and unless the transaction is merely colorable and tainted with actual fraud, the law

does not denounce it as fraudulent.    *McLean* v. *Hess,* 106; Ind. 555.

The consideration which this question received in the recent case of *Burdge* v. *Bolin,* 106 Ind. 175, and the authorities there cited, renders it unnecessary that we should elaborate further.    The case of *Williams* v. *Osborne,* 95 Ind. 347, rightly understood upon its facts, is not opposed to the conclusion here arrived at.    It is scarcely necessary to add, that the fact that the money which was paid for the land came from the Government as a pension, cuts no figure in the case.    After the money was received by the pensioner, it stood at the same level with any other money which he may have had.    *Cavanaugh* v. *Smith,* 84 Ind. 380.

The judgment is affirmed, with costs.

ELLIOTT, J., did not participate in the decision of this cause.

