Taylor *v.* Duesterberg, Administrator.

No. 13,252.

TAYLOR *v.* DUESTERBERG, ADMINISTRATOR.

FRAUDULENT CONVEYANCE.—*Husband and Wife.—Trust.*—Where, without his wife's consent, a husband takes the title to property purchased wholly with her money in his own name, a subsequent conveyance of it to her can not be set aside as fraudulent at the suit of a creditor of the husband. While the title is in the husband he holds it in trust for the wife, the equitable owner, and no act of his can enlarge his interest in the property.

SAME.—*Exemption from Execution.—Judicial Sale.*—Where property alleged. to have been fraudulently conveyed by a husband is beyond the reach of his creditors by reason of the exemption law and the law vesting absolutely the wife's inchoate one-third in the event of a judicial sale, a deed made by the husband with the intention of vesting the title in his wife, even though it be voluntary and without consideration, is not fraudulent as against creditors.

SAME.—*Witness.—Suit by Administrator.*—In a suit by an administrator against a husband and wife to set aside an alleged fraudulent conveyance, the defendants are not excluded, by section 498, R. S. 1881, from testifying in their own behalf, that the property sought to be reached was purchased with the wife's money and the title taken in the name of the husband without her consent, and other matters relating to its purchase and improvement, although they occurred prior to the death of the decedent.

WITNESS.— *Suit in which Administrator is Party.— Statute Construed.*— The proper construction of section 498, R. S. 1881, seems to be, that when a party to a subject-matter or contract is dead, and his rights in the thing or contract have passed to another, who represents him in the action which involves such contract or subject-matter, the surviving party is not competent to testify to matters occurring during the lifetime of the decedent.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellee.

MITCHELL, J.—This suit was commenced by Duesterberg, as administrator of the estate of Peter Burway, deceased, to set aside certain conveyances by which it is alleged Leroy S. Taylor made a fraudulent transfer of his real estate to his wife, Louisa Taylor.

The complaint alleges that, at a date prior to the commencement of this action, Duesterberg, as such administrator, had recovered a judgment in favor of the Burway estate, against James Baker and Leroy S. Taylor, on a note executed by Baker and Taylor to Burway in his lifetime, and that for the purpose of hindering and delaying the collection of such judgment, the defendant, Leroy S. Taylor, had, before the rendition of such judgment, transferred all his property subject to execution, consisting of a certain lot in the city of Vincennes, to his wife, Louisa, without any consideration.

The prayer of the complaint is, that the conveyance may be set aside, and that the lot be subjected to the lien of the judgment, previously obtained.

Upon request, the court found the facts specially, and stated conclusions of law thereon favorable to the appellee, Duesterberg.

Mrs. Taylor brings the record here on appeal. It is contended, on her behalf, that the special finding of the court is not sustained by the evidence.

The plaintiff's case, as presented in his complaint, proceeds upon the theory, that in accepting the conveyance for the lot, which he was seeking to subject to the payment of the judgment, Mrs. Taylor was a mere volunteer. The complaint charges, moreover, that she had notice at the time the conveyance was accepted, that her husband's purpose in transferring the property was to hinder and delay his creditors.

Upon the evidence admitted, we are constrained to the conclusion that the finding of the court that Mrs. Taylor received the conveyance without any consideration, and that such conveyance was a fraud upon the creditors of her husband, is not sustained. That the title to the lot was originally taken in the husband's name, is not controverted, and that no consideration was paid by Mrs. Taylor for the conveyance at the time the title was transferred from her husband to her, is equally beyond dispute.

There was uncontradicted evidence, however, which es-

Taylor *v.* Duesterberg, Administrator.

tablished the following facts : The lot was purchased from Charles Graeter in July, 1881, for the consideration of one hundred dollars. The purchase-money was all paid out of money belonging to Mrs. Taylor and her children by a former marriage. The money was all derived from the sale of wheat which had been harvested from a small farm owned by Mrs. Taylor and her children, as tenants in common. Leroy S. Taylor did not pay one farthing of the original purchase-price. No one, so far as we can discover, claims that he did. At the time the lot was purchased it was unimproved. Subsequently, in September, 1881, a loan of three hundred dollars was made from Graeter. This was secured by the note of Leroy S. Taylor, and a mortgage on the lot in which Taylor and his wife joined. The money borrowed was all used in procuring materials and paying for labor employed in the erection of a house on the lot. This encumbrance has not been discharged. William Richardville, a son of Mrs. Taylor, paid for a part of the material used in the improvement of the lot. It does not appear from any evidence in the record that Leroy S. Taylor ever furnished any money to make improvements on the lot. The most that is claimed is that he contributed some of his own labor toward the improvement of the property. We have, however, been unable to find any evidence in the record which sustains even this claim.

The evidence shows, and the court found, that the lot and improvements were worth seven hundred and fifty dollars. The evidence in the record shows that all of Leroy S. Taylor's property, exclusive of that in controversy, was worth two hundred and ninety-six dollars.

Upon the facts disclosed it can not with propriety be said that the conveyance to Mrs. Taylor was without consideration, and therefore voluntary, nor was such conveyance a fraud upon the creditors of Leroy S. Taylor. He had no interest in the property except that he held the bare legal title ; while the equity of his wife and her children, they having

paid the entire purchase-price of the lot, was complete. Having taken the title in his own name without the consent of those who furnished the money, and paid the purchase-price, an enforceable trust resulted in their favor against Taylor. He held the title in trust for them from the beginning. The equitable owners were those whose money had been used in paying for the lot. This ownership is the subject of protection in a court of equity. *Heberd* v. *Wines*, 105 Ind. 237; *Mitchell* v. *Colglazier*, 106 Ind. 464, and cases cited; *Hileman* v. *Hileman*, 85 Ind. 1.

That Taylor subsequently borrowed money on the security of the trust property, with which to make improvements upon it, did not defeat or impair the rights of the equitable owners, as respects his general creditors. He paid no part of this encumbrance, so far as appears. That he signed the note for the money borrowed, and secured it by a mortgage on the lot, did not extend or enlarge his right to, or interest in, the property.

Mrs. Taylor's children may have had some cause to complain, because the conveyance was made to their mother alone, instead of to her and them jointly, their money having been used with that of their mother to pay for the lot, but this furnishes no ground upon which the creditors of Leroy S. Taylor can assail the transaction. Their right is to be confined to the actual interest which their debtor had in the property. Prior equitable interests could not be subjected to the claims of creditors. *Hays* v. *Reger*, 102 Ind. 524; *Wright* v. *Jones*, 105 Ind. 17; *Heberd* v. *Wines, supra; Foltz* v. *Wert*, 103 Ind. 404.

Creditors can not invoke the aid of the law, to prevent a husband from restoring to his wife and her children that which in equity and good conscience he has no right to withhold. *Proctor* v. *Cole*, 104 Ind. 373 (383); *Lord* v. *Bishop*, 101 Ind. 334.

A conveyance will not be set aside, nor the property subjected to the payment of the debts of a grantor who has

Taylor *v* Duesterberg, Administrator.

transferred the title to one who has an equitable right thereto, where it appears that none of the money or property of such grantor has gone into the property so conveyed. *McLean* v. *Hess*, 106 Ind. 555.

Even if such grantor has some interest in the property, a conveyance by him to one having a prior equitable right can not be defeated without protecting the equity on account of which the conveyance was made. One who holds a legal title, which is supported by a prior subsisting equity, can not be postponed by, or put upon a level with, mere general creditors. Moreover, upon the facts as they appear, any judgment which could properly have been rendered would have been wholly fruitless of any ultimate benefit to the creditor. The property in dispute is worth $750. It is encumbered by a mortgage of $300. The debtor is and was at the time of the conveyance a resident householder of Knox county. The law secured to him an exemption of property of the value of $600. · The total value of his property other than that in dispute was $296. He was, therefore, entitled to claim, in addition to his personal property, $304 out of the real estate. Section 710, R. S. 1881.

Under the act of 1875, section 2508, R. S. 1881, a purchaser at an execution sale can acquire, as against the debtor's wife, only an undivided two-thirds interest in the land sold. It requires, therefore, only a moment's consideration to make it apparent, that without regard to the equitable right of Mrs. Taylor in the property, a judgment setting aside the conveyance would only result in harassing the debtor, without any corresponding benefit to the creditor. Even if Leroy S. Taylor had been the owner of the property in controversy, in his own right, since it appears that at the time the conveyance was made, his pecuniary condition, and the value of his property subject to execution, were such that his right of exemption protected the entire interest therein from sale, the deed should not have been declared fraudulent and set aside.

Where property, alleged to have been fraudulently conveyed, is, by force of the law, as effectually beyond the reach of creditors before as it is after such conveyance, a deed made with the intention of vesting the title irreclaimably in another, even though it be voluntary, is not fraudulent as to creditors.

What a debtor does with his property which is by law exempt from execution, is a matter in which his creditors have no concern. Fraud can not be predicated upon the alienation of such property. *Burdge* v. *Bolin*, 106 Ind. 175 (55 Am. R. 724); *Faurote* v. *Carr*, 108 Ind. 123.

At the trial Mrs. Taylor and her husband were called as witnesses in their own behalf respectively. It was proposed to prove by them severally, in substance, that the property in dispute had been purchased and paid for with the money of Mrs. Taylor, and that the title had been taken in the name of her husband without her knowledge.

Without setting out at length the testimony proposed to be given in that connection, it is sufficient to say, the evidence offered related exclusively to business transactions between Mrs. Taylor and her husband, concerning the purchase and improvement of the lot in question. The evidence was excluded by the court, on the ground that the witnesses were incompetent to testify in respect to matters which occurred during the lifetime of the deceased. This ruling was based upon the court's construction of section 498, R. S. 1881.

This section provides, that, "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate, * * any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."

Under that section the test of competency depends, not so

much upon the fact to which the adverse party is called upon to testify, as upon the contract or matter involved in the issue in the case.    Where the contract or matter involved in the suit or proceeding is such that one of the parties to the contract or transaction is, by death, denied the privilege of testifying in relation to such matter, the policy of the statute is to close the lips of the other also in respect to such matter.    Where, however, an administrator assails the title of another, such title having been acquired through a third party, in a transaction to which the decedent was a stranger, the parties to the transaction can not be prevented from speaking in reference to such matters, even though they occurred during the lifetime of the decedent.    A contract or matter in which the decedent in his lifetime never had any concern or interest, can not be so involved in a suit by his personal representative as to preclude the parties interested in the transaction, although it may come collaterally in question, from upholding it by their own testimony.    If it were otherwise, the death of a stranger, who presumably could not have testified concerning the matter if living, would close the mouths of the only persons interested in the contract when it was made.

The true spirit of the statute seems to be, that when a party to a subject-matter or contract, in action, is dead, and his rights in the thing or contract have passed to another who represents him in the action or proceeding which involves such contract or subject-matter, to which the deceased was a party, the surviving party to that subject shall not testify to matters occurring during the lifetime of the decedent. *Warren* v. *Steer,* 112 Pa. St. 634 ; *Granger* v. *Bassett,* 98 Mass. 462 ; *Downs* v. *Belden,* 46 Vt. 674 ; *Sanborn* v. *Lang,* 41 Md. 107 ; *Amonett* v. *Montague,* 63 Mo. 201 ; *Pattison* v. *Armstrong,* 74 Pa. St. 476 ; 1 Whart. Ev., sections 468, 469, 470.

The contract or transaction between Mrs. Taylor and her

husband was not the subject-matter of the action. It arose on the evidence merely, and was, and could have been, only brought collaterally in question. It was, therefore, error to exclude their testimony.

It was error to overrule the appellant's motion for a new trial.

Judgment reversed, with costs, and new trial ordered.

Filed Jan. 11, 1887.