Dumbould *v.* Rowley.

Filed Feb. 17, 1888.

———◆———

| 113 | 353 |
| 114 | 127 |
| 115 | 137 |
| 116 | 392 |
| 118 | 113 |
| 121 | 307 |
| 122 | 386 |
| 113 | 353 |
| 130 | 509 |
| 113 | 353 |
| 133 | 560 |
| 113 | 353 |
| 135 | 47 |
| 135 | 356 |
| 136 | 126 |
| 113 | 353 |
| 146 | 592 |
| 113 | 353 |
| 148 | 438 |
| 149 | 212 |

## No. 13,119.

## DUMBOULD *v.* ROWLEY.

JUDGMENT.—*Sheriff's Sale.—Injunction.—Complaint.—General Allegation that Judgment is Void.*—A mere general allegation in a complaint to enjoin a sheriff's sale, that the judgment under which the sale is about to be made is void, without a statement of the facts showing its invalidity, is not sufficient.

SAME.—*Filing Copy With Pleading.—Part of Record.*—The filing of a copy of a judgment with a complaint does not make it a part of the pleading, a judgment not being a written instrument within the meaning of section 362, R. S. 1881.

VOL. 113.—23

Dumbould *v.* Rowley.

SAME.—*Lien.*—*Property Exempt from Execution.*—*Conveyance of.*—*Rights of Purchaser.*—A judgment against a resident householder whose entire property, real and personal, is less than the amount allowed as exempt from execution, does not become a lien upon the real estate of the judgment defendant, and a purchaser from the latter takes it exempt therefrom.

From the Marshall Circuit Court.

*E. C. Martindale* and *J. D. McLaren*, for appellant.

*D. V. Burns* and *A. Seidensticker*, for appellee.

HOWK, J.—This suit was originally commenced by appellee, Rowley, as plaintiff, against appellant, Dumbould, and one William B. Kyle, sheriff of Marshall county, as defendants. Afterwards, plaintiff filed a supplemental complaint, making one Joseph S. Neeley a party defendant in the action. Plaintiff dismissed his action as to the defendant Kyle. Thereafter, the remaining defendants, Dumbould and Neeley, jointly answered by a general denial of the complaint. The issues joined were tried by the court, and, at the request of such defendants, the court made a special finding of the facts, and stated its conclusions of law thereon, in favor of the plaintiff herein. Over the defendants' exceptions to the court's conclusions of law and their motion for a new trial, final judgment was rendered for plaintiff herein, as prayed for in his complaint.

Defendant Dumbould has alone appealed from the judgment below, and has here assigned errors which call in question (1) the overruling of the demurrer to the original and supplemental complaint, (2) the overruling of his motion for a new trial, and (3) the overruling of the motion to dismiss this action.

Appellant's learned counsel have first discussed, in their brief of this cause, the alleged insufficiency of the facts stated in the original and supplemental complaints, upon the demurrer thereto, to constitute a cause of action. In his original complaint, plaintiff alleged that he was the owner and in possession of lot No. 64 in the town of Fredericks-

burgh, in Marshall county, on which lot there was a building occupied as a general store, and such lot and appurtenances were of the value of $500; that plaintiff acquired such real estate by deed in fee simple from one Martha N. Alleman (dated September 29th, 1884), who was the owner thereof; that, at the time plaintiff purchased such real estate and took such deed thereof from Martha N. Alleman, he had no knowledge of the pretended judgment thereafter mentioned; that, on June 24th, 1882, defendant Dumbould recovered a pretended judgment against said Martha N. Alleman, before a justice of the peace of Marshall county, which in truth and in fact was no judgment against Martha N. Alleman, and had no force or effect as such, but was void and ineffectual; and that, some time after the rendition of such pretended judgment, defendant Dumbould caused a transcript thereof to be filed in the clerk's office of the court below. And plaintiff further said that, at the time of the rendition of such judgment, Martha N. Alleman was a married woman, residing in the town of Fredericksburgh, and the wife of L. D. Alleman, named in such judgment, and was a householder keeping house with her children, her husband having previously thereto abandoned her, and she was not then nor at any time since possessed of property, real and personal, to the amount allowed her as exempt from execution as a resident householder, and since the rendition of such judgment she had been and still was a resident householder of the State of Indiana; that defendant Dumbould, without having first taken the necessary legal steps to authorize the issuing of an execution, if such judgment were a valid and subsisting judgment, whereon execution might issue after such steps had first been taken, had sued out execution on such judgment from the court below, and had unlawfully and wrongfully placed such execution in the hands of defendant Kyle, sheriff of Marshall county; that defendant Kyle, as such sheriff, had wrongfully levied such execution on such real estate, the property of plaintiff as afore-

said, and had caused such real estate to be advertised for sale at sheriff's sale, on June 20th, 1885. And plaintiff averred that such sale, if allowed to take place, would be a fraud on his rights, would cast a cloud upon his title and inheritance, and injure his use and enjoyment of his said premises; and that plaintiff resided in the city of Indianapolis, and at the earliest practicable moment, after he learned of such proposed sale, he had commenced this action to restrain such sale and to have such judgment declared to be void and no lien upon his said real estate. Wherefore, etc.

Plaintiff filed no undertaking or bond with his complaint, and no restraining order was granted or issued as prayed for therein. Afterwards, on June 24th, 1885, plaintiff filed his supplemental complaint, wherein he alleged that, since the filing of his original complaint, and over his objection and protest, one Joseph S. Neeley had purchased at the sheriff's sale herein sought to be enjoined, which defendant Kyle, notwithstanding the pendency of this action, had persisted in making, the plaintiff's real estate described in his original complaint; that said Neeley, at the time he purchased such real estate, well knew that plaintiff's action was then pending for the purpose of enjoining such sale, or setting it aside, if made; and so plaintiff said that said Neeley was a necessary party defendant to this action, etc. Wherefore, etc.

Appellant's counsel very earnestly insist that the trial court erred in overruling the demurrer to the complaint, because they say that the judgment which plaintiff sought to have declared void and no lien upon his real estate was shown by the averments of the complaint, and the copy of a judgment filed therewith and made part thereof, to have been a valid and subsisting judgment and an existing lien on such real estate.

We are of opinion that plaintiff's complaint, in so far as it attacked the validity of the justice's judgment described therein and sought to have such judgment declared void by the court, did not state facts sufficient to present that ques-

tion for the consideration and decision either of the court below or of this court. There is not a fact stated in the complaint which shows, or tends to show, any invalidity in the justice's judgment. It is true that plaintiff filed with his complaint a copy of a justice's judgment, and attempted thereby to make such judgment a part of his complaint. If the filing of such copy had made the justice's judgment a part of plaintiff's complaint, then we would be confronted with the important question, so ably argued by appellant's counsel, namely : Whether such judgment, though valid and binding as between the parties thereto, was, or was not, void and of no effect as to strangers or third parties, such as the plaintiff was.

But the filing of a copy of the justice's judgment with plaintiff's complaint did not make such judgment a part of such complaint. Our code provides that "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading ; " and that "Such copy of a written instrument, when not copied in the pleadings, shall be taken as part of the record." Section 362, R. S. 1881.

These provisions of our civil code have been in force continuously since May 6th, 1853, and have often been the subject of judicial comment and construction.

In *Lytle* v. *Lytle*, 37 Ind. 281, it was held that a judgment was not a "written instrument" within the meaning of that expression as used in our civil code.

In *Wilson* v. *Vance*, 55 Ind. 584, after quoting the provisions of the code as we have quoted them, the court said : "Whenever a pleading is founded on a written instrument, the copy filed with the pleading, though not copied in the pleading, becomes a part of the pleading, because it becomes a part of the record. But this is not true with reference to papers or documents that are not written instruments within the meaning of the statute, though they may be the foundation of the pleading. The statute makes copies of written

instruments a part of the record, when they are the founda-
tion of any pleading, but it does not make copies of other
documents, not written instruments, a part of the record,
though the pleading may be founded upon such documents."

The copy of the justice's judgment did not become a part
of plaintiff's complaint, and can not be considered here in
the decision of the question as to whether such judgment was,
or was not, void as against the plaintiff herein.  *Conwell* v.
*Conwell*, 100 Ind. 437, and cases cited.

If the complaint had stated no other facts except those re-
lating to the alleged invalidity of the justice's judgment, it
would seem clear to us that the court below had erred in
overruling the demurrer to such complaint.  But it will be
seen from the complaint, the substance of which we have
given, that plaintiff alleged other facts therein, which, if true,
and the demurrer admitted their truth, showed that the jus-
tice's judgment, even if valid, was not, and never had been,
a lien upon plaintiff's real estate, and he asked the court to
so declare.  If, as alleged, plaintiff's grantor, Mrs. Martha
N. Alleman, was, at the rendition of the justice's judgment,
and had been since, a resident householder of this State, and
if, as alleged, during all that time her entire property, real
and personal, never was equal to the amount allowed her as
exempt from execution, as such resident householder, then it
is clear that the real estate she conveyed to plaintiff was not
"liable to execution," and the justice's judgment never be-
came a lien thereon.  Section 608, R. S. 1881.  Under the
statute, a judgment is a "lien upon real estate and chattels
real, liable to execution."  The averments of the complaint
showed, therefore, that the real estate in question, while it
was owned by Martha N. Alleman, was exempt from sale on
execution, and this being so, her grantee, under our decisions,
acquired title to such real estate exempt from the lien of
judgments and executions against her.  *Vandibur* v. *Love*,
10 Ind. 54;  *Godman* v. *Smith*, 17 Ind. 152;  *Burdge* v. *Bolin*,
106 Ind. 175 (55 Am. R. 724);  *Faurote* v. *Carr*, 108 Ind.

123; *Taylor* v. *Duesterberg*, 109 Ind. 165; *Barnard* v. *Brown*, 112 Ind. 53.

Our conclusion is, that the court below committed no error in overruling the demurrer to plaintiff's complaint.

It is claimed on behalf of appellant, Dumbould, that the special finding of facts was not sustained by sufficient evidence. We do not think that we can disturb the findings or judgment on the evidence, because there is evidence in the record which tends to sustain the material facts found by the court. Besides, it seems to us that appellant is not injuriously affected or damnified by the special finding of facts. The court found as a fact that appellant had caused plaintiff's real estate to be sold by the sheriff, under an execution issued on his said judgment; that at such sale defendant Neeley became the purchaser of such real estate for the sum of $125, and that Neeley paid such sum to the sheriff and received from him the proper certificate of such sale. The court rendered judgment that Neeley take nothing by his said purchase of such real estate. If any one could be heard to complain here of such judgment we think it would be Neeley; but he has failed and refused to appeal therefrom, or to join in this appeal. Surely, appellant can not successfully complain of such judgment for or on behalf of Neeley.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 18, 1888.