Filed March 26, 1889.

---

No. 13,627.

## RAY ET AL. *v.* YARNELL.

EXECUTION.—*Lien.*—Property not subject to an execution is not subject to its lien.

SAME.—*Exemption.*— *Conveyance by Debtor.*—*Sheriff's Sale.*—A judgment debtor may convey real estate which he claims as exempt from execution, and one who purchases the property at sheriff's sale under the judgment acquires no title as against the prior grantee of the debtor, whose deed is duly recorded.

SAME.—*Alias Execution.*—*Additional Schedule.*—A purchaser of exempted property from a judgment debtor, having recorded his deed, is not bound to oppose the issue of executions or to secure additional schedules from his grantor.

SAME.—*Notice.*—*Means of Knowledge.*—A purchaser who has the means of knowledge, in legal contemplation has knowledge, and can not be deemed an innocent purchaser.

From the Pulaski Circuit Court.

*D. C. Justice,* for appellants.

*N. L. Agnew* and *B. Borders,* for appellee.

ELLIOTT, C. J.—The facts embodied in the special finding may be thus summarized : On the 26th day of January, 1884, the appellants obtained judgment against Barbara Stalnaker before a justice of the peace, and on the 25th day of February caused a properly certified transcript to be filed in the

office of the clerk. The transcript was recorded and the proper affidavit filed. An execution was issued on the day the transcript was recorded. On that day the execution defendant owned the land in controversy, and she was a resident householder. On the 3d of March the execution was levied on the land, and on that day the execution defendant filed a schedule and demanded that the land be exempted from sale. Appraisers were appointed and the land was appraised at four hundred dollars. Due return was made of the writ by the sheriff. Afterwards the execution debtor conveyed the land to the appellee. On the 7th day of July, 1885, and after the deed to the appellee had been recorded, the appellants ordered out an alias execution. This execution was levied on the land, and the land was sold on the 1st day of August, 1885, to Andrew Hubler.

We have no doubt that the trial court was right in giving judgment in favor of the appellee. An execution defendant may sell property that the law exempts from execution, and his grantee will acquire a valid title. In fact, a judgment creditor does not obtain any enforceable claim upon property which the law declares shall be exempt from seizure. He has no right to seize or sell such property, and he can not successfully complain of any disposition that the debtor may make of it. The rule, as now established, and it is the only rule defensible on principle, is that the debtor holds the exempted property absolutely and entirely free from the claims of creditors. *Blair* v. *Smith*, 114 Ind. 114 (126) ; *Dumbould* v. *Rowley*, 113 Ind. 353 ; *Eiler* v. *Crull*, 112 Ind. 318 ; *Barnard* v. *Brown*, 112 Ind. 53 ; *Faurote* v. *Carr*, 108 Ind. 123 ; *Burdge* v. *Bolin*, 106 Ind. 175 (55 Am. Rep. 724) ; *Sannoner* v. *King*, 49 Ark. 299 (4 Am. St. Rep. 49). Property not subject to an execution is not subject to its lien. *Edwards* v. *Thompson*, 85 Tenn. 720 (4 Am. St. Rep. 807). As the execution debtor had a right to sell the land she had claimed as exempt, the sale and conveyance to the appellee invested him

with a title against which the claims and liens of creditors have no force. His title is paramount, and prevails. As he had title, and as his deed was of record, Hubler, when he bought at the sheriff's sale, bought with notice. Nor was this the only notice he had, for an examination of the proceedings on which his title is founded would have informed him that the land was exempt from execution. He had the means of knowledge, and in legal contemplation had knowledge.

The appellee was not bound to do more than record his deed. He was under no obligation to keep watch of the proceedings of the judgment creditors. He had a duly recorded deed, and this drew possession and gave notice. He was not bound to oppose the issue of executions, or to secure additional schedules from his grantor.

Judgment affirmed.

