King *et al. v.* Easton.

No. 16,368.,

KING ET AL. *v.* EASTON.

ASSIGNMENT OF ERRORS.—*Joint Assignment.—Not Good as to All, Not Good as to Any.*—Where two or more persons join in an assignment of error, the assignment, if not good as to all of such parties, is not good as to any.

EXEMPTION FROM EXECUTION.—*Judgment not a Lien on Property Exempt.— When may Become a Lien.*—If a judgment defendant did not, at the time of the rendition of the judgment, own $600 worth of property, then the judgment is not a lien on any of the judgment defendant's property, and will not become such, unless during the life of the judgment, the judgment defendant becomes the owner of property of the value of more than $600.

From the Monroe Circuit Court.

*E. K. Millen*, for appellants.

*J. H. Louden* and *W. P. Rogers*, for appellee.

DAILEY, J.—On the 23d day of November, 1881, the appellant King recovered a judgment against his co-defendant, Summitt, in the Monroe Circuit Court, for the sum of $214, on which execution issued to the sheriff of Monroe county, April 7, 1891, who levied the same on the east half of lot numbered 24, in Stinesville, in said county, which had been owned by appellant Summitt, at the time of the rendition of the judgment. After due notice, the sheriff sold said premises to the judgment plaintiff, King, on May 9, 1891, for $424.71, being the amount of the judgment, interest, and costs then due. Shortly before the sale the appellee brought this action against the appellants, King, McHenry and Summitt, to quiet her title in and to said parcel of a lot, making all the necessary statutory averments therefor, including the allegation that on the 22d day of June, 1882, said Summitt and wife conveyed said real estate to

said McHenry, who, in April, 1891, conveyed the same to the plaintiff, and that at the date of the rendition of said judgment, said Summitt was, and ever since has been, a resident householder of the State of Indiana, and as such, at all times, has been entitled to $600 as exempt from execution, and that at no time has he possessed property of the value of $600. To this complaint appellants, King, McHenry and Summitt, jointly answered that appellee's possession was without right; that the same was obtained under a pretended conveyance executed by mistake, and without any consideration whatever; that the property at no time had been claimed by any one as exempt from execution in any manner as provided by law. Appellee then moved the court to dismiss her cause of action as to said McHenry, which motion was sustained. Thereupon appellee filed her reply. The issues being joined, the cause was submitted to the court for trial; and, at the request of the defendants, the court made a special finding of facts, and stated conclusions of law thereon, to which defendants excepted. The defendants then filed a motion for a *venire de novo*, which motion the court overruled, and defendants excepted. The defendants then filed a motion to amend the findings, which the court overruled, and defendants excepted. Whereupon the defendants filed a motion for a new trial, which was also overruled, and defendants excepted, and judgment was rendered for appellee. The defendants appeal, and assign as errors in this court:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d. That the court erred in sustaining the motion to dismiss as to appellant McHenry.

3d. The court erred in overruling the motion for a *venire de novo*.

4th. The court erred in overruling the motion to amend the special finding.

5th. The court erred in overruling the motion for a new trial.

As to the first error assigned, counsel for appellants have failed to specify any reason why the complaint is insufficient. The statement is that the sheriff was not a party to the action. It is not necessary that he should be, as he had no interest in the suit. Counsel, in his brief, has given no reason to sustain the claim of error under his second specification. The third error alleging that "the court erred in overruling the motion for a *venire de novo*," presents this question: The complaint, as originally filed, made appellants, King, McHenry and Summitt, defendants. On the calling of the cause, on the 18th judicial day of the term, the plaintiff moved the court to dismiss her cause of action as to the defendant, McHenry, which motion being sustained, he ceased to be a party defendant, and was not bound, in any way, by the further action of the court in the cause. Subsequently, on the 20th day of the term, the cause was submitted to the court for trial, in the manner and with the result heretofore stated. The defendants to the complaint as originally filed appeal, and all join in this assignment of error. If any error occurred in overruling the motion for a *venire de novo*, it was only against King and Summitt, as the cause of action against McHenry had been dismissed. Therefore a joint assignment by the three appellants presents no question upon any ruling against two of them.

In *Robbins* v. *Magee*, 96 Ind. 174, this court said: "A joint assignment of errors is like a joint complaint or demurrer, if not good as to all, it is not good as to any." We also cite *Williams* v. *Riley*, 88 Ind. 290; *Walls* v.

*Baird,* 91 Ind. 429; *Quick* v. *Brenner,* 101 Ind. 230; *Lake* v. *Lake,* 99 Ind. 339.

The fourth and fifth assignments of error are also joint, and the same rule applies, which effectually disposes of the case.

If the assignments of error were properly made, they present no question as to what was pertinent evidence, and what was not, as there is no reason assigned, in the motion for a new trial, that questions the admissibility or inadmissibility of any evidence. On the trial, it was agreed, between the parties, that the action by appellant King against Summitt, on which said judgment was rendered, was an action on contract. If Summitt was not the owner of $600 worth of property at the time the judgment was rendered in favor of King, then the judgment was not a lien on the property; and if Summitt never acquired over $600 worth of property, including the lot in litigation, from the time the judgment was rendered in favor of King, until Summitt conveyed it to McHenry, on the 26th day of June, 1882, then the judgment never became a lien on the lot, and the judgment quieting title in the appellee is correct on the merits of the case. The question has been so decided in many opinions delivered by this court.

In the case of *Dumbould* v. *Rowley,* 113 Ind. 353, the court said: "The averments of the complaint showed, therefore, that the real estate in question, while it was owned by Martha N. Alleman, was exempt from sale on execution, and this being so, her grantee, under our decisions, acquired title to such real estate exempt from the lien of judgments and executions against her."

And, in the case of *Barnard* v. *Brown,* 112 Ind. 53, the court said: "Property exempt from execution is unaffected by execution liens, and may be sold or exchanged even while writs of execution are in the hands of the

proper officer.'' We also cite Freeman on Executions, section 197; *Burdge* v. *Bolin*, 106 Ind. 175; *Faurote* v. *Carr*, 108 Ind. 123; *State, ex rel.*, v. *Harper*, 120 Ind. 23.

The special findings of facts cover every issue in the case, and are supported by the evidence.

We think the cause was carefully tried and a correct result was reached, and we find no error in the record.

The judgment of the court below is affirmed.

