## ISGRIGG *v.* PAULEY ET AL.

[No. 18,086.    Filed October 8, 1897.]

FRAUDULENT CONVEYANCES.— *When Property Conveyed is Exempt from Execution.*—A conveyance of real estate cannot be set aside by creditors of grantor as fraudulent which if retained would be within the debtor's right of exemption.    *pp. 437, 438.*

EVIDENCE.—*Admissibility.*—*Fraudulent Conveyances.*—In an action to set aside a conveyance as fraudulent, evidence supporting the right to exempt the property conveyed, at the time of the conveyance, repels the charge of fraud, and is admissible without a special plea setting up such right.    *pp. 438, 439.*

FRAUDULENT CONVEYANCES.—*Interest of Wife not a Subject of.*—The interest of the wife in the husband's real estate is not, as to the husband's creditors, the subject of fraudulent conveyance.    *p. 439.*

From the Clinton Circuit Court.    *Affirmed.*

*J. V. Kent* and *Palmer & Palmer,* for appellant.

*John C. Farber,* for appellees.

HACKNEY, J.—The appellant sued the appellees to set aside, as fraudulent, a conveyance of real estate made by Isaac M. Pauley and wife, and subject said real estate to the payment of a judgment in favor of the appellant, and against said Pauley.

It is urged on behalf of the appellant, and conceded by the appellees, that the trial court heard the evidence, and found for the appellees, upon the theory that said Pauley was a resident householder, and entitled to an exemption at the time of the conveyance complained of; that his wife was entitled, as against the appellant, to one-third in value of the real estate, as representing her inchoate interest therein, and that such exemption, and the one-third interest of the wife, left no part of the property conveyed, or its value, to be applied to the appellant's judgment.

Appellant's learned counsel insist that Pauley's right to an exemption was not an issue in the cause, since no answer alleging the right and demanding its enforcement was specially pleaded.

The only assignment of error by the appellant is upon the action of the lower court in overruling his motion for a new trial, and a reference to that motion discloses that no ruling of the trial court upon the admissibility of any evidence upon the subject of the exemption was questioned or urged as cause for a new trial.

It may well be doubted, therefore, whether this question is properly presented by the record. There are decisions of this court to the effect that, where a debtor, in an action affecting his property, desires to maintain his right of exemption, and secure the property to himself against such action, as in attachment and otherwise, he must, by some special plea, set up his claim.

The question in the case before us is as to whether it is fraudulent for one having the right of exemption to transfer his property which is subject to such right, intending thereby to remove the property beyond the reach of creditors. In other words, is it fraudulent to dispose of property, which if retained, is within the debtor's right of exemption, and which he desires

shall be exempt? In *Blair* v. *Smith*, 114 Ind. 114, 126, 5 Am. St. 593, it was said: "Property exempt from execution is not subject to any claim of the creditor, but is absolutely free from all claims of creditors. No execution or other writ is a lien upon it. The creditor has no claim upon it in any form, and it is impossible to conceive any logical ground upon which property not subject to the claims of creditors can be held to have been fraudulently conveyed. If creditors have no interest in the property, it is inconceivable that they can justly claim that in disposing of it the debtor has been guilty of fraud. The whole doctrine of annulling fraudulent conveyances rests upon the ground that the creditor has the right to resort to the property, and where he has no such right it is impossible that a conveyance can be deemed fraudulent. Surely, a man may do what he will with property which is his own, and free from all claims of creditors." The rule stated has the support of all the recent holdings of this court upon the subject. *Dumbould* v. *Rowley*, 113 Ind. 353; *State, ex rel.,* v. *Harper*, 120 Ind. 23; *Barnard* v. *Brown*, 112 Ind. 53; *Phenix Ins. Co.* v. *Fielder*, 133 Ind. 557; *King* v. *Easton*, 135 Ind. 353; *Moss* v. *Jenkins*, 146 Ind. 589; *Burdge* v. *Bolin*, 106 Ind. 175, 55 Am. Rep. 724; *Faurote* v. *Carr*, 108 Ind. 123; *Taylor* v. *Duesterberg*, 109 Ind. 165.

Where the issue is one of fraud in making a conveyance to defeat creditors, evidence supporting the right to exempt the property conveyed, at the time of the conveyance, repels the charge of fraud, for it is the right of one to dispose of his property, regardless of creditors, where such property, under the exemption laws, may be freed from the claims of creditors. Here, the issue is as to the existence of fraud, and it is not sought to secure an exemption to the debtor of all or a part of his property. We think, therefore, that

the evidence of the right was admissible to rebut the charge of fraud without a special plea setting up the right.

Nor can there be any doubt that as to Mrs. Pauley, an interest in the real estate, equal to one-third of its value, would have been free from the judgment of the appellant, both before and after the conveyance. Section 2669, Burns' R. S. 1894 (2508, R. S. 1881); *Taylor* v. *Duesterberg, supra; Currier* v. *Elliott*, 141 Ind. 394, and cases therein cited. As to her, it may be said, as was said with reference to the property exempt to her husband, property against which the creditor cannot enforce his claim is not, as to such creditor, the subject of fraudulent conveyance.

Much of the discussion of counsel is devoted to the values of the property as shown by the evidence. The lower court had the right to accept, as against the appellant, the evidence most favorable to the appellees, and we are obliged to do so. From that standpoint, the real and personal property of Pauley did not exceed in value eight hundred dollars, and the real estate was subject to the wife's inchoate one-third interest, or the sum of two hundred and fifty dollars or more, thus leaving, under the right of exemption, less than six hundred dollars.

It is not true, as urged by the appellant's learned counsel, that the wife must take her inchoate interest in the property exempt to the husband. On the contrary, she is given, by the statute cited, one-third of his realty free from creditors, and the right of exemption to him does not impair the value of her interest. Nor can it be said that her interest affects his right of exemption, so as to reduce it below the value of six hundred dollars.

The record discloses no error, and the judgment is affirmed.