## PERKINS v. JOHNSON.

[No. 11,049. Filed November 30, 1921.]

1. EXEMPTIONS.— *Householder's Exemption.— Sale of Property Exempt.—Liens.—*Where a judgment is founded on contract, and the judgment debtor is a resident householder, and his entire estate, real and personal, within and without the state, does not exceed in value $600, he may, before it is sold on execution, sell or dispose of any or all of it, and the person to whom such property passes takes it free from the lien of the judgment or the lien of any execution that may have been issued thereon. p. 16.

2. EXEMPTIONS.—*Property Exempt from Execution.—Creditor's Claims.—Liens.—*Property exempt from execution is not subject to any claim of a creditor, and no execution or other writ is a lien upon it. p. 16.

3. EXEMPTIONS.— *Property Exempt from Execution.— Sale.— Lien of Judgment Creditors of Grantor.—*A grantee of mortgagor's equity in mortgaged property which, at the time of the conveyance, was not subject to the claims of grantor's creditors, by reason of grantor being entitled to a householder's exemption, cannot be held to take the property subject to a lien of the grantor's judgment creditors because the mortgage debt was subsequently paid out of the proceeds of a life policy held by grantor which had been assigned as additional security for the payment of the mortgage debt; the rights of judgment creditors being fixed by the circumstances as they existed at the time the conveyance was made. p. 16.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Edward E. Johnson against Leroy R. Perkins. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Alvin Padgett,* for appellant.

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *R. W. Tharp,* for appellee.

McMAHAN, J.—Complaint by appellee to set aside as fraudulent a conveyance of certain real estate made by William W. Perkins and wife to appellant. From a judgment subjecting said real estate to the lien of a judgment in favor of appellee to the extent of $234.59 appellant appeals and for error assigns the overruling of his motion for a new trial.

The undisputed facts as shown by the evidence are that on April 17, 1918, William W. Perkins, being the owner of the real estate in question, his wife joining with him, conveyed the same to appellant for a stated consideration of one dollar. William W. Perkins and Louis T. Morgan at the time when this conveyance was made were jointly indebted to appellee on a note for $475 executed in April, 1917. In September, 1919, said note was reduced to judgment, the amount then due being $575.96. In 1914 William W. Perkins and wife executed a mortgage on said real estate to the Real Estate and Improvement Company to secure the payment of an indebtedness of $1,200, and in order to further secure the payment of such indebtedness, said mortgagors assigned to the mortgagee a life insurance policy of $1,250 on the life of William W. Perkins payable to his wife, and to appellant. At the time of making said conveyance there was a balance of $876.81 owing on said mortgage indebtedness. After the making of said conveyance and continuing to his death, William W. paid $214.68 on the debt secured by said mortgage, leaving $662.13 due on said debt when he died, which was deducted from the proceeds of said insurance policy in full payment of said mortgage indebtedness. The balance of proceeds of said insurance was paid to appel-

lant and his mother. When said conveyance was made there was a tax lien on said real estate amounting to $49.60 and a lien for sidewalks in the sum of $139. William W. was a resident householder of this state when said conveyance was made, and had no property of any nature or character other than said real estate. A number of witnesses testified as to the value of said real estate at the time of said conveyance. The high-est value placed upon it being $2,100.

The contention of appellant is that the decision is not sustained by sufficient evidence and is contrary to law.

Assuming the value of the real estate at the time of the conveyance to be $2,100, the inchoate interest of the wife was $700. The liens on account of the mortgage, taxes, and sidewalk amounted to $1,065.31. With the amount of such inchoate interest and liens deducted, the value of the interest of William W. in said real estate was $334.69, which is $265.31 less than the amount which he was entitled to as exempt from execution. Under these facts appellant contends that the real estate conveyed to him was exempt from execution and that the conveyance to him was not fraudulent and should not have been set aside.

Appellee contends that where a judgment debtor has borrowed money and given a mortgage to secure such debt and has also made provision for the payment of such mortgage debt by the creation of a fund or right out of which that debt should be paid and the arrangement is later carried out, thus releasing the mortgage lien, the amount of the mortgage cannot be included to diminish the net worth of the judgment debtor in order to avoid a lien on the property that would secure the payment of the judgment. In other words, appellee says that upon the death of William W. he had the equitable right to have the proceeds, arising from the insurance policy, applied upon the mortgage debt, and

thus release the property from the lien of the mortgage without resort in any manner to the security afforded by the mortgage.

When the real estate was conveyed to appellant it was not subject to sale on an execution for the purpose of paying the debts of William W. The law in this

1. state is that when the judgment is founded on a contract, the judgment debtor, if he is a resident householder, and his entire estate, real and personal, within and without the state, does not exceed in value $600, may before it is sold on execution, sell or dispose of any or all of it, and the person to whom such property passes will take it free from the lien of the judgment or the lien of any execution that may have been issued thereon. *Citizens State Bank* v. *Harris* (1897), 149 Ind. 208, 48 N. E. 856. Property exempt from

2, 3. execution is not subject to any claim of a creditor. It is absolutely free from all such claims. No execution or other writ is a lien upon it. The creditor has no claim upon it. As said by the court in *Isgrigg* v. *Pauley* (1897), 148 Ind. 436, 47 N. E. 821: "It is impossible to conceive any logical ground upon which property not subject to the claims of creditors can be held to have been fraudulently conveyed. If creditors have no interest in the property, it is inconceivable that they can justly claim that in disposing of it the debtor has been guilty of fraud." The fact that the beneficiaries named in the insurance policy permitted the mortgage debt to be paid out of the proceeds arising from the insurance does not affect the rights of appellee. His rights were fixed by the circumstances as they existed when the conveyance was made. If the property was not subject to sale at that time for the purpose of paying the debts of the grantor, it was not subject to sale for that purpose after his death, which took place several years later.

If appellee's theory, relative to the application of the insurance money, is correct the court should have held that the real estate in question was subject to the lien of the entire judgment instead of to the extent of but $234.59. We are unable to understand how the court reached the conclusion that the real estate was subject to a lien for $234.59, although appellant says it was upon the theory that the debtor had, after making the conveyance, paid that amount on the mortgage debt. The evidence, however, is that he paid $214.68. But suppose he did as a matter of fact pay $234.59 on the debt, would that subject the real estate to the lien of the judgment? Appellee was not entitled as a matter of law to have that amount applied on his debt. Whether it was paid at one time or in installments is not clear although we think the inference is that there were several payments made and that they continued up to the time of the debtor's death. It is clear that if the debtor had invested said amount of money in property or had retained it in his possession, appellee could not have reached it by execution, by proceedings supplemental, or in any other manner known to the law. This money had all been accumulated after the conveyance was made and was less than the amount which the debtor was entitled to hold as exempt from execution. The evidence is positive that when this conveyance was made the debtor had no other property of any kind or character, either in or out of the state, and being a resident householder, he was entitled to claim said money as exempt from execution.

The decree is contrary to law and is reversed with directions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.