**In re Joseph J. ZUPAN, Jr., d/b/a Joe's Auto Sales, Debtor.**

**COLUMBUS AUTO AUCTION, INC., Plaintiff,**

**v.**

**Joseph J. ZUPAN, Jr., Defendant.**

**Bankruptcy No. 91–7769.
Adv. No. 91–944.**

United States Bankruptcy Court,
S.D. Indiana.

Sept. 29, 1993.

---

Allan Lane Yackey, Indianapolis, IN, for Joseph J. Zupan, Jr.

G. Terrence Coriden, Columbus, IN, for Columbus Auto Auction, Inc.

**OPINION**

LARRY L. LESSEN, Bankruptcy Judge.

The Debtor filed a Motion to Set Aside Lien held by Columbus Auto Auction.

Pursuant to an Order and Opinion entered by this Court on March 16, 1993, a state court judgment obtained by Plaintiff against the Debtor in the amount of $67,905.00 was declared to be nondischargeable to the extent of $23,190.00, and dischargeable as to the balance. The Debtor asks the Court to set aside the judicial lien securing the amount of the judgment held by Columbus in excess of $23,190.00.

■ Ordinarily, liens pass through bankruptcy unaffected. *Farrey v. Sanderfoot*, 500 U.S. 291, 296–98, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). However, § 522(f) of the Bankruptcy Code provides as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would be entitled ... if such lien is (1) a judicial lien ...

The question in this case is whether the judicial lien impairs the Debtor's homestead interest and is subject to being avoided by the Court.

Indiana has opted out of the federal exemptions, *See*, Ind.Code 34–2–28–0.5; and provides its own list of exempt property. The Indiana homestead exemption provides:

The following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a tort claim: (1) Real estate or personal property constituting the personal or family residence of the judgment debtor or a dependent of the judgment debtor, or estates or rights in that real estate or personal property, if not more than seven thousand five hundred dollars ($7,500). The exemption under this subsection is individually available to joint

judgment debtors concerning property held by them as tenants by the entireties. Ind.Code 34–2–28–1.

◼ In Indiana, a judgment lien attaches to all real estate and chattels real of the debtor once a judgment has been duly entered and indexed in the county in which the property is located. Ind.Code 34–1–45–2. The homestead exemption, however, constitutes an exception to this rule. *Isgrigg v. Pauley*, 148 Ind. 436, 47 N.E. 821 (1897). It is well-settled in Indiana that a judgment lien does not attach to the debtor's homestead interest in property. *Perkins v. Johnson*, 77 Ind.App. 13, 133 N.E. 15 (1921); *King v. Easton*, 135 Ind. 353, 35 N.E. 181 (1893); *State ex rel. Hulman v. Harper*, 120 Ind. 23, 22 N.E. 80 (1889); *Ray v. Yarnell*, 118 Ind. 112, 20 N.E. 705 (1889). The judgment lien attaches only to the debtor's property that exceeds the amount allowed by statute as a homestead. *In re Owen*, 70 B.R. 366, 368 (Bankr.N.D.Ind.1987). Thus, a judgment lien does not impair a debtor's homestead interest under Indiana law.

To the extent that a judicial lien attaches to real property upon which a debtor has a homestead exemption, the judicial lien does not attach to the debtor's homestead interest in that real property, and in no way impedes a debtor's ability to recover their homestead exemption. *In re Chabot*, 992 F.2d 891 (9th Cir.1993); *In re Cerniglia*, 137 B.R. 722 (Bankr.S.D.Ill.1992).

◼ There is no question that the judicial lien attaches to the real estate in which the Debtor claims a homestead interest. The lien would remain in place after the Debtor's discharge and attach to any postpetition appreciation in the value of the property. "(T)o avoid the entire lien ... would bestow a windfall on the Debtor, a resolution that lacks any justification under the language of § 522(f)." *In re Sanders*, 156 B.R. 667, 671 (D.Utah). However, the provisions of § 522(f) permit the avoidance of a lien to protect "an exemption to which the debtor would have been entitled", not the entire property from which a debtor claims his homestead.

◼ An exemption is not impaired unless it is diminished in value. "The Bankruptcy Code allows debtors certain exemptions to ensure they receive a fresh start after bankruptcy. These exemption are not unlimited, however ... [The debtors] are entitled to ... [the amount of their homestead] and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount." *Chabot*, 992 F.2d at 895.

Under § 522(f)(1), lien avoidance is unavailable where state exemption law provides that judicial liens do not attach to the debtor's exempt homestead interest. *In re Ward*, 157 B.R. 643 (Bankr.C.D.Ill.). Since the judicial lien does not impede the Debtor's ability to recover the value of his homestead from the property, the homestead is not impaired and the lien cannot be avoided.

The Court's decision in this case is consistent with the recent Supreme Court decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Although the *Dewsnup* case involved an interpretation of § 506(d) of the Bankruptcy Code, the issue in that case, as in this case, was lien avoidance. The majority in *Dewsnup* concluded that to rule otherwise would allow future appreciation in the value of the subject property to accrue to the debtor rather than the lienholder. The majority disagreed with such a result and stated that "(a)ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor." *Id.* 502 U.S. at ——, 112 S.Ct. at 778. *See also In re Ward, supra.*

The Court in *Cerniglia, supra,* reaches the same conclusion based upon the *Dewsnup* principles:

Applying the principles enunciated in *Dewsnup*, it is clear that a judicial lien may not be avoided under § 522(f)(1) merely because the lien is unsecured and remains as a charge against property. Section 522(f)(1) gives the debtor only a limited power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would

otherwise survive the debtor's discharge. To so interpret § 522(f)(1) would be to grant the debtor not merely the benefit of his exemption in the homestead property but also all the benefits of ownership beyond the exemption amount, including the right to any increase in value caused by subsequent events. (Citation omitted.)

The continued existence of the unsecured or excess portion of the lien on property which the homestead exemption is claimed, while constituting a cloud on title, does not thereby impair the debtor's exemption or even his fresh start. The debtor's exemption gives the debtor a superior right in property up to a specific amount. The debtor's fresh start is assured when he is able, by the power afforded under § 522(f)(1), to avoid a lien encumbering this specific property interest and retain it after bankruptcy, free of liens that would otherwise survive the debtor's discharge. (Citation omitted.) Section 522(f)(1) was not intended to free the debtor's property completely of judicial liens. Rather, it is the purpose and effect of this provision to preserve the debtor's exemption and thus his fresh start by allowing avoidance of liens in the specific amount of the debtor's exemption. (Footnote omitted.)

137 B.R. at 725.

For these reasons, the Debtor's Motion to Set Aside Lien of Columbus Auto is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.